## Court of General Sessions—New York County.

*April,* 1886.

## PEOPLE *v.* JAEHNE.

### BRIBERY—BILL OF PARTICULARS.

To entitle the defendant to a bill of particulars, the indictment must be so general in its allegations that it does not give him adequate notice of the charge he is required to meet.

Where it appears upon the face of the indictment against the defendant for agreeing to accept a bribe, that the name of the person offering said bribe is unknown to the grand jury, and there is no evidence that such information is in the possession of the district attorney, the court will not order the giving of such name by a bill of particulars.

Defendant is not entitled, as a matter of right, to the evidence taken before the grand jury, or to an inspection of their minutes, except for a special reason, such as to move to set aside the indictment.

Especially should such an application be denied, when its granting would give information to other persons charged with crime and not yet in custody.

APPLICATION by defendant, Henry W. Jaehne, for a bill of particulars, and for permission to inspect and copy the minutes of the grand jury which found the indictment against him.

The facts appear in the opinion.

VOL. IV.—21

*R. S. Newcombe* (*Roger A. Pryor*, of counsel), for motion.

*Randolph B. Martine*, district attorney, in opposition.

SMYTH (Recorder).—The defendant was indicted by the grand jury for the crime of bribery.

The indictment contains two counts, the first of which is found under the provisions of section 72 of the Penal Code, and the second under section 58 of chapter 410 of the Laws of 1882.

The defendant has pleaded to the indictment, and, after pleading thereto, moves for an order directing the district attorney to furnish to him a bill of particulars "of the matters referred to in said indictment, and that he also be permitted to inspect and make a copy of the minutes of the evidence taken by the grand jury," upon which the indictment was found.

The motion is made upon the indictment, and upon affidavits made by the defendant and his counsel.

It appears by Mr. Newcombe's affidavit that the defendant was arrested before indictment, upon a complaint or oath made by the district attorney of the county, charging the defendant with having committed the crime of bribery during the year 1884, while he, the defendant, was a member of the common council of this city; that no examination upon said complaint and charge was had before the magistrate issuing the warrant for the defendant's arrest, the grand jury having found the indictment which superseded such examination; and that to enable the defendant to meet the charge contained in the indictment, he should be informed of the evidence upon which it was found, and that he should have a bill of particulars setting forth with *particularity the person with whom, and the place where, the alleged corrupt agreement was made by the defendant.*

The defendant in his affidavit alleged, upon his information and belief, that the indictment was found by the grand jury upon the testimony of Inspector Byrnes, which, he says, "charges that he, the defendant, had been bribed while he was a member of the common council in the year 1884," but of what the "alleged confession consists he is ignorant."

He further states in his affidavit "*that from the facts within his knowledge said indictment was procured mainly, if not solely, upon the testimony of Mr. Byrnes referring to the alleged confession by him.*"

The defendant does not attempt to deny that he made a confession to Byrnes of his guilt of the crime charged in the indictment. If such a confession was made, and as the defendant in his affidavit says, *that upon facts within his knowledge the indictment was procured mainly, if not solely, upon such confession,* it is not necessary to furnish him with what he already knows to enable him to prepare his defense.

The affidavits in support of this branch of the motion are already insufficient to authorize the court to compel the district attorney to permit the defendant to inspect the minutes of the grand jury, even if the court possessed the power to do so, for the purpose for which the defendant seeks such inspection.

I propose, however, to pass upon the motions in the order in which they were made.

*First.* As to furnishing a bill of particulars.

"It may be laid down as the result of the adjudications that the only proper office of a bill of particulars is to give information of the specific proposition for which the pleader contends in respect to any material issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition." Ball *v.* Evening Post Publishing Co., 38 *Hun*, 15.

And the rule in relation to furnishing bills of particulars in criminal cases, as stated by Mr. Wharton in his work on Criminal Pleadings and Procedure, is: "That whenever the indictment is so general as to give the defendant *inadequate notice* of the charge he is expected to meet, the court, on his application, will require the prosecution to furnish him with a bill of particulars of the evidence intended to be relied upon."

Applying these rules to the indictment in this case, the question presented for my determination is this: Is the indictment so general in its allegations of the offense charged against the defendant that it does not give him adequate notice of the charge he is required to meet?

This question must be determined mainly upon an inspection

and examination of the indictment itself. The indictment contains two counts, but substantially charges only offense, growing out of one transaction, which is set out in the indictment. It commences with the statement that the grand jury, by this indictment, "accuse the defendant of the crime of bribery, committed as follows." This statement is followed by a statement of facts, constituting, as it is claimed by the district attorney, the crime of bribery. The time is stated to be the 29th day of August, 1884 ; the place where the crime was committed, the city and county of New York. That a petition or application of the Broadway Railroad Company, praying for the permission and consent of the common council (of which body the defendant was a member, to wit, an alderman of the city of New York), to construct and operate a railway along the surface of certain streets in said city, had been presented to the common council, and that pending the consideration by the common council of such petition and application, and on the said 29th day of August, 1884, at the city of New York, the defendant entered into and made a corrupt agreement with a person unknown to the grand jury, to ask and receive the sum of twenty thousand dollars in money, in consideration of which he, the defendant, agreed to give his vote, action and official proceeding as a member of the common council in favor of the granting of such application.

The facts plainly and concisely appear upon the face of the indictment.

It seems to me that there is nothing indefinite, uncertain or general in any of the facts alleged, as they are alleged.

The time, place, agreement and the consideration therefor are each clearly and concisely stated, thus informing the defendant as to all the facts which the prosecution contended constitute the offense with which the defendant is charged.

No further information could by any rule of pleading that I am aware of be given by a bill of particulars, and the defendant is in fact informed of all he seeks to gain by his motion, except the name of the person with whom the alleged agreement was made, and it appears upon the face of the indictment that the name of this person is unknown to the grand jury.

It was, however, suggested by one of the learned counsel for the defendant, on the argument of the motion, that although the name of this person was unknown to the grand jury at the time of finding the bill of indictment, it may now be known to the district attorney, and should therefore be furnished by him to the defendant.

The answer to this suggestion is that there is no evidence before me on this motion that the district attorney is in possession of the name of the party with whom the agreement was made, and even if he were, it is extremely doubtful whether, in the interest of justice, the court would, if it had the power to do so, compel him to disclose it.

I have examined the authorities referred to by the defendant's counsel to sustain this branch of the motion, and fail to find that any rule other than that which I have stated is laid down by them. On the contrary, they seem to sustain the rule as I have stated it, to the fullest extent.

Mr. Bishop, in his work on Criminal Proceedings, section 209, says, speaking of certain criminal offenses, such as conspiracies to defraud, simple assault and battery, common scold and others, when it is not necessary to allege in the indictment anything more than the acts constituting the offense, that the trial judge, if he deems that further information ought in justice be given the defendant, orders a note or bill of particulars.*

In People *v.* Bellows (2 *N. Y. Crim. Rep.* 12), Mr. Justice BRADY holds that when the statements in an indictment are sufficiently definite to advise the defendant of the charge against him, he is not entitled to any further particulars.

He did, however, order a bill of particulars in respect to the charge of larceny contained in the indictment then under consideration, and directed the particulars of the moneys alleged to have the subject of the larceny, which the prosecution relied upon. The indictment in that case charged the defendant with the commission of larceny, and the indictment, although found since the Code of Criminal Procedure went into effect, was in the common law form and charged the larceny of various

---

* See People *v.* Eighmy, 79 *N. Y.* 546.

specific sums of money. People *v.* Stocking (50 *Barb.* 573) was an indictment against the defendant, who was a supervisor, for corruption in his office, and as far as it is applicable to this motion, it was held that: "It is a rule that time and place, when and where the crime was committed must be stated with certainty in the indictment, but it is not necessary to prove them on the trial, as stated, unless they are necessary ingredients in the offense."

In People *v.* Naughton (38 *How. Pr.* 430), the motion was to compel the district attorney to furnish a list of the witnesses examined before the grand jury, and to allow the defendant to examine the minutes of the grand jury in finding the indictment, the same being in the hands of the district attorney. The first branch of the motion, viz., to furnish the defendant with a list of the witnesses, was granted, and the remaining part of the motion, for leave to examine the grand jury's minutes, was denied.

It is sufficient to say that, under the requirements of section 271 of the Code of Criminal Procedure, the district attorney is required to indorse upon the indictment the names of the witnesses examined before the grand jury, or whose depositions may have been read, and that he has complied therewith by indorsing the name of the witnesses on the indictment in question.

New York Infant Asylum *v.* Roosevelt (35 *Hun,* 502) was an action for libel, the complaint, as amended, contained allegations in respect to damage, after setting forth the alleged libel, as follows: "That by reason thereof, a number of persons, viz., J. Fisher, Charles Parke (whose real first name is unknown to plaintiff) and John Doe and Richard Roe and others, whose names are unknown to plaintiff, who had theretofore been accustomed to contribute and donate sums of money to the plaintiff, ceased to have confidence in his management, and ceased and refused to contribute and donate any further sums of money to the plaintiff." It was held proper for the court to grant an order requiring the plaintiff to furnish a bill of particulars of the names of the persons who, by reason of the mat-

ters alleged in the complaint, have ceased or refused to make contributions to the plaintiff.

As to the second branch of the defendant's motion, viz., for permission to inspect and make a copy of the evidence before the grand jury, assuming that the court has the power to make such an order under the law governing the practice in criminal courts, at the present time a question which is not entirely free from doubt, it is sufficient to say that this branch of the motion must be denied for the following, among other reasons:

*First.* It appears by the defendant's affidavits, from facts within his knowledge, that the indictment was found, mainly, upon a confession made by him to the witness, who was examined before the grand jury, and that that witness' testimony had reference to the confession.

*Second.* The motion papers do not disclose any irregularity in the proceedings before the grand jury, or wherein any inspection is essential to protect any right of the defendant.

*Third.* Or wherein the non-production of the minutes will work an injustice, or that the defendant cannot more properly derive all information he seeks from other sources. People *v.* Naughton, 38 How. 430.

*Fourth.* No case has been cited by the defendant's counsel, where it has been held that the defendant, as a matter of right, is entitled to be furnished with the evidence taken by a grand jury in support of an indictment, or which, except for some special reason, such as to enable him to move to quash or set aside indictment, as it is now termed, he will be permitted to inspect the minutes.

Many reasons could be urged against the propriety of giving him such permission, one of which it is only necessary to mention, and that is when, as it is notorious, the grand jury had under investigation charges of criminal acts, in which a number of persons are charged, and many of these persons not being in actual custody, an opportunity would thus be given by which the ends of justice might be frustrated.

The defendant's motion, in both its parts, must therefore be denied.