## UNITED STATES v. TUBBS.

(District Court, D. South Dakota, S. D. May 24, 1899.)

1. INDICTMENT FOR MAILING PROHIBITED MATTER—SUFFICIENCY—IDENTIFICATION OF LETTER.
> An indictment under Rev. St. § 3893, charging the defendant with having deposited in a post office, for mailing and delivery, a letter giving information where, how, and of whom might be obtained an article designed and intended for the procuring of abortion, must in some manner identify such letter, to the end that the accused may be informed of the nature of the charge, and that a judgment may be pleaded in bar to a second prosecution for the same offense; and the letter should be set out in the indictment, or a sufficient reason given for not doing so.

2. SAME—MOTION IN ARREST—BILL OF PARTICULARS.

It is not the office of a bill of particulars to cure a bad indictment, and the failure of a defendant to ask for such bill does not deprive him of the right to object to the sufficiency of the indictment by motion in arrest.

3. CRIMINAL LAW — EFFECT OF ARREST OF JUDGMENT AS TO ONE COUNT OF INDICTMENT.

The arrest of judgment upon some of the counts in an indictment on which the defendant was tried and found guilty because of their insufficiency necessitates the setting aside of the verdict, and the granting of a new trial as to the remaining counts, where the evidence introduced under the defective counts was such as to prejudice the defendant in his trial on the others.

On Motion in Arrest of Judgment.

Wm. G. Porter, Asst. U. S. Atty.

Frank R. Aikens and Steven B. Van Buskirk, for defendant.

CARLAND, District Judge. On the 24th day of April, 1899, the defendant was convicted upon an indictment containing eight counts. The jury returned a verdict of not guilty as to the third count, upon direction of the court, and a verdict of guilty as to each of the other counts. On the 23d day of May, 1899, the date fixed for passing sentence upon said conviction, the defendant's counsel moved the court to arrest judgment on counts 1, 6, 7, and 8, for the reason that neither of said counts state facts sufficient to constitute an offense under any law of the United States. The motion in arrest of judgment has been argued by counsel for the United States and for defendant. The counts in controversy are based upon section 3893, Rev. St. U. S., as amended, which, so far as material, provides as follows:

"Every article or thing designed or intended for the prevention of conception or procuring an abortion, and every article or thing intended or adapted for any indecent or immoral use, and every written or printed card, letter, circular, book, pamphlet, advertisement or notice of any kind, giving information directly or indirectly, where or how or of whom or by what means any of the hereinbefore mentioned matters, articles or things may be obtained or made, whether sealed as first class matter or not, are hereby declared to be nonmailable matter. * * * Any person who shall knowingly deposit or cause to be deposited for mailing or delivery anything declared by this section to be nonmailable matter * * * shall be punished," etc.

The language of the counts is alike, with the exception of the alleged date of the commission of the offense, and except that counts 6, 7, and 8 contain the words "and medicine" after the word "article." Count 1 alleges that the defendant, on the 20th day of April, 1898, did unlawfully, willfully, and knowingly deposit and cause to be deposited in the post office of the United States, to wit, the post office at Alcester, in the county of Union, state of South Dakota, for mailing and delivery by the post-office establishment of the United States, certain nonmailable matter, to wit, a letter inclosed in an envelope, the said letter so inclosed in an envelope as aforesaid giving information where, how, and of whom might be obtained an article, the exact name of which is to the grand jurors as yet unknown, designed and intended for the procuring of abortion, and which said envelope containing the letter as aforesaid was then and there directed and addressed as follows; that is to say, "Miss Clara Saltness, Alcester,

S. D.,"—he, the said Richard A. Tubbs, then and there well knowing the contents of said letter, and the character thereof. The crime denounced by the statute, so far as the counts in question are concerned, is the depositing in the United States post office, for mailing and delivery by the post-office establishment of the United States, of a letter giving information where, how, and of whom might be obtained an article designed and intended for the procuring of abortion. The letter alleged to have been deposited is not set out in the indictment, nor is any reason given why the same is not set out. There is no allegation in any of the counts in question which identifies the letter alleged to have been deposited. The date of the deposit in the post office is of very little importance, as that date in the indictment is not binding upon the prosecutor. The fact, also, that it is alleged that the letter was addressed to Miss Clara Saltness, Alcester, S. D., is of but very little importance, as it appears from the indictment in this action that several letters were so addressed.

At the commencement of the trial counsel for the defendant objected to the introduction of any testimony to sustain the counts in question, for the reason that they did not state a public offense. The impression of the court at that time was that the motion was well taken, and only overruled the motion in deference to what was claimed by counsel for the United States to have been decided by Bates v. U. S., 10 Fed. 93, being an opinion by Drummond, C. J., in the circuit court of the Northern district of Illinois. Upon a careful reading of said case, I do not think it decides all that is claimed for it by counsel for the United States, and, if it did, an examination of the decisions of the supreme court of the United States demonstrates that it is no longer law.

In Evans v. U. S., 153 U. S. 587, 14 Sup. Ct. 936, the supreme court says:

"The rule of criminal pleading which at one time obtained in some of the circuits, and perhaps received a qualified sanction from this court in U. S. v. Mills, 7 Pet. 138, that an indictment for a statutory misdemeanor is sufficient if the offense be charged in the words of the statute, must, under more recent decisions, be limited to cases where the words of the statute themselves, as was said by this court in U. S. v. Carll, 105 U. S. 611, 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.' The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged. U. S. v. Cook, 17 Wall. 168; U. S. v. Cruikshank, 92 U. S. 542. The fact that the statute in question, read in the light of the common law and of other statutes on the like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent. U. S. v. Carll, 105 U. S. 611. Even in cases of misdemeanors, the indictment must be free from all ambiguity, and leave no doubt in the mind of the accused or of the court of the exact offense intended to be charged; not only that the former may know what he is called upon to meet, but that upon a plea of former acquittal or conviction the record may show with accuracy the exact offense to which the plea relates. U. S. v. Simmons, 96 U. S. 360; U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571; Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542; In re Greene, 52 Fed. 104."

It will thus be seen that the case of U. S. v. Mills, 7 Pet. 138, upon which Judge Drummond relied in Bates v. U. S., has been greatly limited, and can hardly now be said to be the law upon that subject.

In Cochran v. U. S., 157 U. S. 290, 15 Sup. Ct. 630, the court, in speaking of indictments,—in that case an indictment under the national banking act,—said:

"But the true test is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, to sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead the former acquittal or conviction."

We have here the law as laid down by the supreme court of the United States for the guidance of this court, and, applying the test thus prescribed, a mere glance at the counts of the indictment in question demonstrates to the reader that they fall far short of coming up to the requirements of the law, in this: that there is nothing alleged in the counts which identifies the letter alleged to have been deposited. If the defendant should be convicted or acquitted on either one of these counts, it is impossible to ascertain how he could plead the judgment in bar of any prosecution brought against him for mailing prohibited letters at Alcester, S. D., at any time within the statute of limitation. The indictment and plea, when the exemplified copy of the record should be offered in evidence, would be the only means of ascertaining as to what issues were litigated, and the court trying the case would be unable to ascertain from the counts now in question what letter it was intended to charge the defendant with having mailed unlawfully. If the letter was of such a nature as to pollute the records of the court, the indictment should have said so, and, if it was not so obscene as to make it unfit to be spread upon the records, then the letter ought to have been set out in the counts, or some of its language used, so that the letter could be identified, to the end that the judgment might be pleaded in bar, and that the accused should be informed of the nature of the charge against him.

Fortunately we are not without controlling authority upon the sufficiency of these counts. In Grimm v. U. S., 156 U. S. 608, 15 Sup. Ct. 471, which was an indictment upon the same section of the statute as the present indictment, except that the letter alleged to have been deposited gave information where obscene and lewd pictures might be obtained, the letter in the case referred to is set out in the indictment; but it was objected that the letter itself did not specify some particular picture, to which the information had special reference, being in line with the objection made in this case that the count does not state what kind of medicine or what article the defendant informed Clara Saltness concerning. This criticism was overruled, and the court in so doing makes a distinction between the matters about which information is given and the letter itself which was deposited containing the alleged information; and Justice Brewer, in delivering the opinion of the court, uses the following language:

"Again, it is objected that it is not sufficient to simply allege that the pictures, papers, and prints were obscene, lewd, and lascivious; that the pleader should either have incorporated them in the indictment, or given a full description of them, so that the court could, from the face of the pleading, see whether they were in fact obscene. [The court is here referring to the pictures about which information was given.] We do not think this objection is well taken.

The charge is not the sending of obscene matter through the mails, in which case some description might be necessary, both for identification of the offense and to enable the court to determine whether the matter was obscene, and therefore nonmailable. Even in such cases it is held that it is not necessary to spread the obscene matter in all its filthiness upon the records. It is enough to so far describe it that its obnoxious character may be discerned. There the gist of the offense is the placing of a certain objectionable article in the mail, and therefore that article should be identified and disclosed. So, here, the gist of the offense is the mailing of a letter giving information, and therefore it is proper that such letter should be stated so as to identify the offense. But it does not follow that everything referred to in the letter, or concerning which information is given therein, should be spread at length on the indictment. On the contrary, it is sufficient to allege its character, and leave further disclosures to the introduction of evidence. It may well be that the sender of such a letter has no single picture or other obscene publication or print in his mind, but, simply knowing where matter of an obscene character can be obtained, uses the mails to give such information to others. It is unnecessary that unlawful intent as to any particular picture be charged or proved. It is enough that in a certain place there could be obtained pictures of that character, either already made, and for sale or distribution, or from some one willing to make them; and that the defendant, aware of this, used the mails to convey to others the like knowledge."

It will thus be seen that upon reason and authority the counts in question are clearly bad, and the motion of the defendant to arrest the judgment of this court as to these counts must be granted.

Counsel for the United States seeks to avoid the criticism of defendant's counsel concerning these counts by answering that a bill of particulars might have been demanded by defendant in case he was not sufficiently informed of the nature of the crime charged against him. This position involves a mistaken opinion of the office of a bill of particulars, which may be granted on motion of the defendant in the discretion of the court, in cases where the indictment is good as a pleading, and where the court, in its discretion, should be of the opinion that the defendant was entitled to some further information before compelling him to go to trial. To hold that the right to demand a bill of particulars will cure a bad pleading would make the returning of a good indictment by the grand jury discretionary with the court, which could not be entertained for a moment. It is because the indictment is good as against a general demurrer that the defendant is compelled to resort to a motion for a bill of particulars. If it is bad, he has his remedy by demurrer or motion in arrest.

It now remains to be seen as to what effect the granting of the motion in arrest upon the counts mentioned has upon the conviction upon the other three counts which were submitted to the jury, to wit, counts 2, 4, and 5. In Ballew v. U. S., 160 U. S. 197, 16 Sup. Ct. 263, the jury returned a general verdict of guilty against the defendant on two counts. The supreme court held that the court below erred in its charge to the jury, but that the portion of the charge held to be error only applied to one of the counts in the indictment, so the supreme court reversed the general judgment rendered upon the general verdict of guilty, and instructed the court below to pass sentence upon the good count. In Putnam v. U. S., 162 U. S. 687, 16 Sup. Ct. 923, the jury convicted the defendant upon the second and seventh counts of an indictment. On writ of error to the supreme court of the United States the court held that there was error committed by

the trial court in allowing a witness' recollection to be refreshed by improper memoranda. The supreme court held, however, that the existence of the error related to and affected only the conviction under the second count of the indictment, and reversed the judgment as to the second count and affirmed it as to the seventh. In Graves v. U. S., 165 U. S. 325, 17 Sup. Ct. 395, the supreme court of the United States held that the trial court erred in its charge to the jury upon matters of law which related to one of the counts of the indictment only, but the court said: "This charge had necessarily a prejudicial effect upon the defendant with regard to the other counts, fifth and eighth, of the indictment." And the court reversed the whole case. So it seems to be the law that whether the granting of a new trial as to one count, or the arresting of the judgment as to one count, will affect the conviction upon the other counts, depends upon whether the error which is found to have been committed necessarily prejudices the defendant upon his trial upon the other counts.

The letters introduced into evidence in the case at bar under the counts upon which judgment must be arrested, under the peculiar conditions surrounding this case, could not be otherwise than very prejudicial to the defendant upon his trial upon the other counts. The authorship of the letters was a vital point in issue, and stubbornly contested by both sides. Experts were sworn as to the handwriting of the defendant, and testimony was introduced as to the handwriting of all the letters, and the chief expert testified that the letters were all in the same handwriting. The authorship of the letters may have been wholly determined by something in the letters introduced under the counts upon which judgment is arrested. The court cannot say that the letters did not prejudice the defendant on his trial on the other counts, but, on the other hand, the conclusion is irresistible that they did, and therefore it results that a new trial must be granted as to counts 2, 4, and 5. Such will be the order of the court. The defendant will be released from custody upon giving a good and sufficient bond in the sum of $1,500 to appear for trial at some future term of this court.