PEOPLE, PLAINTIFF AND APPELLEE, *v.* PACHECO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for a Crime Against the Revenue.

No. 2150.—Decided May 29, 1924.

PUBLIC REVENUE—PLEADING—INFORMATION.—An information in which it is alleged that, being the Municipal Commissioner of Finance of Guayanilla, P. R., and as such charged with the receipt, safe-keeping, transfer or disbursement of the public funds of the said municipality, the defendant received and had in his official possession $590.15 which he appropiated to his own use or the use of another person, complies with the requirements of subdivision 1 of section 372 of the Penal Code.   It was not necessary to allege expressly that the funds were a part of the public revenue, for this may be deduced from the allegations; but the best practice in similar cases is to make the express allegation.

ID.—ID.—BILL OF PARTICULARS—DISCRETION OF COURT.—The function of a bill of particulars in a criminal case is to inform the accused more fully of the charge against him when the information is good as a pleading and the court is of the opinion that the defendant is entitled to some additional information before he is forced to go to trial.   And when the appellant does not show the necessity of such particulars, or that he suffered prejudice, the refusal of the court to grant the bill will not be reversed on appeal.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes* and *Colón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The defendant-appellant was sentenced by the District Court of Ponce to imprisonment in the penitentiary for one year on conviction of a crime against the public revenue. He appealed and assigns in his brief three errors, as follows: (1) In overruling his motion for a bill of particulars; (2) in refusing to grant a new trial, and (3) in finding the defendant guilty.

There is no basis for considering the third assignment of error. The evidence was not brought up to this court. In the brief only the first assignment is argued, but at the hearing the defendant's attorney insisted that the indictment did not charge a crime, a question that was raised in the motion for a new trial and is, therefore, included in the second assignment; but even if it had not been, it could be raised at any time. Let us consider it.

The indictment on which the prosecution was based reads in part as follows:

"By this indictment the grand jury for the district of Ponce, P. R., on this 26th day of March, 1923, charges Tomás A. Pacheco with a crime against the public revenue, a felony committed as follows: The said Tomás A. Pacheco, between September 14, 1921, and August 16, 1922, in the district of Ponce, P. R., being municipal commissioner of finance of the Municipality of Guayanilla, P. R., whose duty it was to receive, preserve, transfer or disburse the public funds belonging to the said municipality, received and had in his official possession $590.15 in United States legal tender, and then and there, fraudulently, without lawful authority, maliciously and criminally appropriated to his own use or to that of some other person the said $590.15."

Title sixteen of the Penal Code treats of crimes against the revenue of Porto Rico. Its first section, section 372 of the Code, defines ten different ways in which the crime may be committed. The first is applicable to this case. It reads as follows:

"Any officer of Porto Rico, or of any municipality or other local district, and every person charged with the receipt, safe-keeping, transfer or disbursement of public moneys, who either:

"1.—Without authority of law, appropriates the same, or any portion thereof, to his own use, or to the use of another;  *  *  * is punishable by imprisonment in the penitentiary for not less than one nor more than ten years, and is disqualified from holding any office."

The appellant contends that although in the indictment it is stated that the defendant was an offcer of a munici-. pality charged with the receipt, safe-keeping, transfer and disbursement of public moneys belonging to the said municipality and he is charged with having received and had in his official possession $590.15 and with having appropriated fraudulently the same to his own use, in no part of it is it alleged that the said money was money of the public revenue.

In our opinion the indictment would have been more complete if it had been expressly stated therein that the money appropriated belonged to the revenue, but we think that from its context that fact may be inferred. It is conceivable that a municipal commissioner of finance may be so trusted by his neighbors that they may put money in his custody and in that case if the commissioner should appropriate such money he would not be committing the crime of which the defendant was convicted in this case. But such is not the case presented by the indictment. Here it is stated that the money which the commissioner appropriated was "in his official possession." If our recollection is correct, the appellant's attorney referred to the case of money belonging to a contractor of municipal works and deposited by him with the commissioner. The indictment, we think, as framed, excludes also such a case. Examining the indictment logically as a whole, it may be concluded that it tacitly contains the statement that the money was public and not private funds.

Our conclusion is supported by the jurisprudence. Corpus Juris says:

"In an indictment against a public officer, great looseness is

permitted in the description of the money or funds embezzled, because of the necessity of the case, and it is unnecessary to specify with certainty the particular kind of money or funds, whether gold or silver coins, or legal tender notes, or to give the denomination of each coin or note, or to specify from whom or at what particular time the money was received, but the indictment should be certain to the extent of alleging the embezzlement of a particular sum of money. It is not necessary to allege in terms that the money was public money, but it is sufficient that such fact appears from the allegations as to defendant's office, and the manner in which he received the money." 20 C.J. 463-4.

That doctrine is supported by the following authorities cited in note 90: "State v. Eames, 39 La. Ann. 986, 3 S. 93; State v. Munch, 22 Min. 67. See also Peo. v. Hamilton, 3 Cal. Unrep. Cas. 825, 32 P. 526 (to the effect that an allegation that moneys were received by defendant 'in his official capacity' was the allegation of a fact which fixed their character as 'public moneys,' under Pen. Code, sec. 426.).'' 20 C.J. 464, note 90.

Notwithstanding what has been said, we suggest that the best practice is to allege expressly to whom the money appropriated belonged.

It remains only to consider the question of the bill of particulars.

We have seen the way in which the indictment was drafted. The defendant moved for a bill of particulars showing: (*a*) The date or dates on which the money was appropriated, if in different amounts; (*b*) the exact or approximate date on which the money was appropriated and whether it was all taken at one time; (*c*) the amount or amounts appropriated to his own use; (*d*) the amount or amounts appropriated to the use of another person; (*c*) the name of that person referred to in the indictment or a personal description by which he may be identified.

The court overruled the motion and unless it be shown that it abused its discretion, the judgment can not be re-

versed. See the note to *State* v. *Lewis,* 69 W. Va. 472, in Am. Ann. Cas., 1913 A, page 1207, as follows:

"The office of a bill of particulars in a criminal case is to advise the defendant more fully of the charge against him, where the indictment is good as a pleading, but the court may be of the opinion that the defendant is entitled to some further information before being compelled to go to trial. U. S. v. Tubbs, 94 Fed. 356; Cooke v. People, 231 Ill. 9, 82 N.E. 863; People v. Jaehne, 4 N.Y. Crim. 161; Com. v. Bartilson, 85 Pa. St. 482."

See also the case of *People* v. *Piñero,* 31 P.R.R. 1, in which this question was considered.

The appellant does not show in his brief that a knowledge of the particulars asked for was necessary in order to enable him to prepare his defense; nor that he was prejudiced, if in fact he was, by the failure of the district attorney to give him such particulars.

Under these circumstances and as the indictment follows the wording of the statute and contains sufficient general information, we do not think that the court erred or abused its discretion in overruling the defendant's motion.

The appeal must be dismissed and the judgment appealed from

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.