## UNITED STATES v. SPIEGEL.

CERTIFICATE OF DIVISION FROM THE SOUTHERN DISTRICT OF NEW YORK.

Submitted December 11, 1885.—Decided January 11, 1886.

It is no offence against § 12 of the internal revenue act of March 1, 1879, to have in one's possession a cancelled stamp, or a stamp which has been used, or which purports to have been used upon any cask or package of imported liquors, unless the same was removed from the cask or package by some person intentionally, without being defaced or destroyed at the time of the removal.

The difference between § 12 of the act of March 1, 1879, 20 Stat. 342, and Rev. Stat. § 3324, shown.

The defendant was indicted in the Circuit Court of the United States for the Southern District of New York for an alleged offence set out in the first count of the indictment, the other three being substantially similar, as follows:

"The jurors of the United States of America within and for the district and circuit aforesaid, on their oaths, present that Morris Spiegel, late of the city and county of New York, in the district and circuit aforesaid, yeoman, heretofore, to wit, on the eighteenth day of April, in the year of our Lord one thousand eight hundred and eighty-three, at the southern district of New York, and within the jurisdiction of this court, did feloniously, knowingly, and fraudulently have in his possession a certain United States stamp of the kind and description provided and required by law to be affixed to packages containing distilled spirits imported into the United States in packages, the said stamp being then and there in form as prescribed by the Secretary of the Treasury, and numbered in figures as follows: '350,460,' a more particular description of which said stamp is to the jurors as yet unknown, which said stamp had been heretofore removed from a certain package which had contained imported spirits, to wit, brandy, and which said stamp had not been defaced and destroyed at the time of such removal, then and there against the peace of the United States and their dignity, and contrary to the form of

the statute of the said United States in such case made and provided."

The indictment was founded upon provisions contained in the act of March 1, 1879, " to amend the laws relating to internal revenue," 20 Stat. 327, 342, the 11th section of which provides as follows :

"That all distilled spirits, wines, and malt liquors, imported in pipes, hogsheads, tierces, barrels, casks, or other similar packages, shall be first placed in public store or bonded warehouse, and shall not be removed therefrom until the same shall have been inspected, marked, and branded by a United States customs gauger, and a stamp affixed to each package, indicating the date and particulars of such inspection ; and the Secretary of the Treasury is hereby authorized to prescribe the form of, and provide, the requisite stamps, and to make all regulations which he may deem necessary and proper for carrying the foregoing requirements into effect."

And section 12, so far as relevant, provides :

" Every cask or other package from which the stamp for imported liquors required by this act to be placed thereon shall not be effaced, obliterated, or destroyed, on emptying such package, shall be forfeited, and the same may be seized by any officer of internal revenue wherever found ; and all the provisions and penalties of section thirty-three hundred and twenty-four of the Revised Statutes of the United States, relating to empty casks or packages from which the marks, brands, or stamps have not been effaced or obliterated, and relating to the removal of stamps from packages, and to having in possession any stamps so removed, shall apply to the stamps for imported spirits herein provided for, and to the casks or other packages on which such stamps shall have been used."

Section 3324 of the Revised Statutes, referred to in § 12 of the foregoing act, is in these words :

" Every person who empties or draws off, or causes to be emptied or drawn off, any distilled spirits from a cask or package bearing any mark, brand, or stamp required by law, shall at the time of emptying such cask or package, efface and obliterate

said mark, stamp, or brand. Every such cask or package from which said mark, brand, or stamp is not effaced and obliterated as herein required, shall be forfeited to the United States, and may be seized by any officer of internal revenue wherever found. And every railroad company or other transportation company, or person who receives or transports, or has in possession with intent to transport, or with intent to cause or procure to be transported, any such empty cask or package, or any part thereof, having thereon any brand, mark, or stamp, required by law to be placed on any cask or package containing distilled spirits, shall forfeit three hundred dollars for each such cask or package, or any part thereof, so received or transported, or had in possession with the intent aforesaid; and every boat, railroad car, cart, dray, wagon, or other vehicle, and all horses and other animals used in carrying or transporting the same, shall be forfeited to the United States. Every person who fails to efface and obliterate said mark, stamp, or brand, at the time of emptying such cask or package, or who receives any such cask or package, or any part thereof, with the intent aforesaid, or who transports the same, or knowingly aids or assists therein, or who removes any stamp provided by law from any cask or package containing, or which had contained, distilled spirits, without defacing and destroying the same at the time of such removal, or who aids or assists therein, or who has in his possession any such stamp so removed as aforesaid, or has in his possession any cancelled stamp, or any stamp which has been used, or which purports to have been used, upon any cask or package of distilled spirits, shall be deemed guilty of a felony, and shall be fined not less than five hundred dollars nor more than ten thousand dollars, and imprisoned not less than one year nor more than five years."

The case was brought into this court by the following certificate:

"At a stated term of the Circuit Court of the United States of America for the Southern District of New York, in the second circuit, begun and held at the United States court-

rooms, in the city of New York, on the third Monday of October, in the year of our Lord one thousand eight hundred and eighty-four—

" Present, the honorable William J. Wallace, the honorable Charles L. Benedict, judges.

" The United States }
     *vs.*     }
  Morris Spiegel. }

" This case coming on to be heard at this term before judgment upon the verdict of guilty, upon a motion in arrest of judgment and also upon a motion for a new trial, before the two judges above mentioned, at such hearing the following questions occurred:

" First. Whether the indictment states an offence created by the laws of the United States.

" Second. Whether in a prosecution for having possession of stamps removed from imported liquors, instituted under the laws of 1879, ch. 125, sec. 12, it is necessary for the Government, in addition to proving that the stamps in question had been removed from casks containing imported spirits, also to prove that such stamps had been so removed by some person.

" Third. The prosecution on the trial having failed to prove that the stamps named in the indictment were removed by a person, was it or not error for the court to refuse to direct the jury to acquit the defendant on the ground that the prosecution had not proven an offence under the statute.

" Fourth. Whether or not the offer on the part of the defence to prove that the stamps named in the indictment fell accidentally from the casks and were not removed by any person was properly overruled.

" Fifth. Whether the exception taken to that portion of the charge to the jury where it was said : ' It is sufficient to make the possession of the stamps unlawful if they came off such casks without being destroyed, whether they came off by accident or design,' was properly overruled.

" Sixth. Whether or not it was error to refuse to charge as requested by the defendant as follows: ' If you believe the Government has failed to prove the stamps named in the in-

dictments were removed by a person or persons from casks containing, or which had contained, imported distilled spirits, your verdict should be for the defendant, as an accidental, or by action of the weather, falling or coming off of these stamps and possession thereafter by defendant will not constitute an offence under this statute.'

"Seventh. Whether in a prosecution for having in possession stamps removed from casks of imported spirits in violation of the laws of 1879, ch. 125, sec. 12, it is necessary for the prosecution to aver that the stamps so removed had been removed by some person.

"Eighth. Whether the indictment is sufficient to warrant judgment upon the verdict.

"In respect to each of which questions the judges aforesaid were divided in opinion.

"Wherefore, at the same term, upon request of the United States attorney, they have caused the points above stated to be certified, under the seal of this court, together with a copy of the indictment and an abstract of the record, to the Supreme Court of the United States for final decision according to law.

"WM. J. WALLACE.
"CHAS. L. BENEDICT."

*Mr. Assistant Attorney-General Maury* for plaintiff.

*Mr. William P. Fiero* for defendant.

MR. JUSTICE MATTHEWS delivered the opinion of the court. After stating the facts in the language above reported, he continued:

The twelfth section of the act of March 1, 1879, does not define the offence of removing stamps from packages of imported liquors, or of having in possession stamps so removed, except by adopting the provisions of Rev. Stat. § 3324, defining such offences in relation to stamps upon packages of other distilled spirits, not imported, and applying them in the case of imported liquors. In doing this its language is that of reference merely, and not of definition. For the precise and statutory descrip-

tion of the offence described we must have recourse to the words of Rev. Stat. § 3324, in the context there found, there being nothing in the act of 1879 showing an intention to qualify their original meaning.

Referring for that purpose to the section of the Revised Statutes in question, we find that the felonies therein defined are as follows:

1. The removal by any person of any stamp provided by law from any cask or package containing, or which had contained, distilled spirits without defacing and destroying the same at the time of such removal, or aiding or assisting therein.

2. Having in possession any such stamp so removed as aforesaid.

3. Having in possession any cancelled stamp, or any stamp which has been used, or which purports to have been used, upon any cask or package of distilled spirits.

Of these the offences described in the last division are not adopted by the act of March 1, 1879, and applied to casks or packages of imported liquors. It is not an offence, therefore, under this act for one merely to have in his possession any cancelled stamp provided by law to be affixed to each package of imported liquors, or any stamp which has been used on such package, or which purports to have been so used. To constitute the offence of unlawfully having in possession any such stamps they must have been removed from the package on which they were once placed without being defaced and destroyed at the time of such removal. But every such stamp, once in use upon such package, to come afterwards into the possession of a person, must in one sense have been removed; that is, must in some way and by some means have ceased to be affixed to the package on which it was used, and have become detached and separated from it. This may have happened without the agency of a human will, by mere accident, or as the effect of unintelligent causes, and without design on the part of any person.

But it is not in this sense, that possession of removed stamps is made an offence in the previous clause of the section; for so to construe it would be to obliterate the statutory distinction

between the two crimes, that of having in possession removed stamps, and of having in possession used stamps. A stamp, once in use, may have accidentally fallen off the package, yet afterwards to have it in possession is an offence under § 3324. But it is not an offence under the act of March 1, 1879. To have in possession stamps that have been removed, without at the time of removal having been defaced and destroyed, is an offence under both laws, one in the case of domestic distilled spirits, the other in that of imported liquors. The removal, therefore, which describes a removed stamp, possession of which is thus made unlawful, must be a designed removal from the package by human agency, without defacing and destroying it at the time; such removal as by the first division of the described offences, constitutes the guilty act of the person removing it. It is the possession of such a stamp, " so removed as aforesaid," in the language of the clause defining the offence, that must be shown to constitute guilt; that is, possession of a stamp, not merely once used and afterwards found and taken into possession, but possession of a stamp, which some person, although he may be unknown, has removed intentionally and by design, and failed, by neglect or otherwise, at the time of removal, to deface and destroy. So to remove such a stamp is one offence; to aid and assist in such a removal is another; the third is, to have in possession such a stamp, " so removed as aforesaid;" and these are all of that class of offences embraced by the 12th section of the act of March 1, 1879.

It follows, from this view of the law, that the indictment in the present case is substantially defective, because it does not set out an offence under the statute. It does not describe the crime intended in the language of the act, inasmuch as it does not charge that the defendant had in his possession a stamp of the kind and description mentioned, which stamp had been theretofore removed in the manner prohibited by the law; that is, by some person, without defacing and destroying the same at the time of such removal. It also follows that whatever presumptions may arise as to the manner of removal, when properly charged, from the circumstances in proof accompanying the fact of possession, it is competent for the defendant to

introduce evidence in explanation of those circumstances, and tending to show that the stamp in question was not removed by any person, without defacing and destroying the same at the time of removal, but was in fact detached and removed from the cask or package without human agency, and by the accidental intervention of other causes.

Proceeding to dispose of the questions certified specifically, we answer the first, fourth, fifth and eighth questions in the negative, and the seventh in the affirmative. The second, third and sixth questions we decline to answer, because the answers given to the other questions necessarily dispose of the whole case, and because we cannot answer them without a more complete statement of the facts on which they are supposed to have arisen than is furnished by the present record.

*The cause is remanded, with directions to take further proceedings therein, not inconsistent with this opinion ; and it is so ordered.*