UNITED STATES v. LIQUOR DEALERS' SUPPLY CO.

(District Court, E. D. Illinois.  September 12, 1907.)

1. INTERNAL REVENUE—SHIPMENT OF LIQUORS—FALSE DESIGNATION.

   When spirituous liquors contained in bottles are packed in barrels and shipped and the barrels are marked "Groceries," such shipment is a violation of section 3449, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2277].

2. SAME—INTENT.

   In a prosecution for the violation of section 3449, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2277], no question of fraud or of fraudulent intent is involved.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Internal Revenue, §§ 100, 110, 118.]

(Syllabus by the Court.)

Violation of Revenue Law.

The defendant, a corporation, was indicted by the grand jury of the United States for the Eastern District of Illinois, on three counts, charging that it did on three different occasions "ship, transport, and remove, and did cause to be shipped, transported, and removed, a certain quantity of spirituous liquors, to wit, fifteen (15) gallons of whisky in a certain package under another name and brand than that known to the trade as designating the kind and quality of the contents of said package so containing the same; that is to say, said the Liquor Dealers' Supply Company did then and there ship, transport and remove, and did cause to be shipped, transported, and removed the said whisky under the name and brand of 'Groceries.'" Upon the trial the government proved that the defendant shipped whisky from Chicago to Goreville, Ill., by freight in lots of five dozen quart bottles, each shipment being contained in a barrel and the word "Groceries" written with a marking brush on the barrel. On the trial it was contended by the defendant that there could be no conviction because it was not shown that the shipments were made with a fraudulent intent, and, further, that the statute was leveled only against the shipment of one kind or brand of spirituous liquors under the name of another kind or brand.

W. E. Trautmann, U. S. Atty., and George A. Crow, Asst. U. S. Atty.

Alphonse Lefkow, for defendant.

WRIGHT, District Judge, after stating the facts as above, charged the jury as follows:  The defendant in this case has been indicted by the grand jury for violation of section 3449 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 2277], which provides as follows:

"Whenever any person ships, transports or removes any spirituous or fermented liquors or wines under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or causes such act to be done, he shall forfeit said liquors or wines, and casks or packages, and be subject to pay a fine of five hundred dollars."

There are several counts in this indictment.  The government has abandoned all of the counts except the first, third, and fifth, and you will therefore disregard all the counts of the indictment except the first, third, and fifth.  The first count charges that the defendant on the 14th day of February, 1906, in this district, did unlawfully ship, transport, and remove, and did unlawfully cause to be shipped, transported, and removed, a certain quantity of spirituous liquors, to wit,

15 gallons of whisky in a certain package under another name and brand than that known to the trade as designating the kind and quality of the contents of said package so containing the same; that is to say, said the Liquor Dealers' Supply Company did then and there ship, transport, and remove, and did then and there cause to be shipped, transported, and removed, the said whisky under the name and brand of "Groceries." The third count is like it, except the date is charged the 23d day of April, 1906. The fifth the same, except as to the date which is the 22d day of August, 1906.

The exact date of these shipments as alleged in the indictment is immaterial. If they show any shipments within the period of limitations corresponding to the shipment described in the indictment, minus the date, that would be sufficient. Certain documents have been introduced in evidence before you which are alleged to refer to these shipments. It will be for you to determine from all the evidence in the case whether they do or not.

If you believe from all the evidence in the case beyond a reasonable doubt that the defendant did ship, transport, and remove any spirituous or fermented liquors or wines under any other name than the proper name or brand as known to the trade as designating the kind and quality of the contents of the packages containing the same, or caused the same to be done, then it will be your duty to find the defendant guilty on as many counts as the shipments of that kind so made, not exceeding the three counts to which I have alluded.

It is possible for you, gentlemen, if you believe from the evidence that you are warranted in so doing, to find the defendant guilty on a less number of counts than three. You may find it guilty on one, or two, or three, as you may from the evidence determine. You are the judges of the credibility of all the witnesses; so that if you believe from all the evidence in this case that the defendant did ship, transport, and remove liquors as charged in the indictment, and that the packages were marked "Groceries," and that groceries was not the name known to the trade for such liquors, then the defendant will be guilty under this section of the statute. Before you can find the defendant guilty on any of the counts, you must find that the packages containing the liquor were marked "Groceries," because that is the charge in the indictment, and that groceries was not the proper name for the liquors inclosed in the packages.

There is no provision in the statute that it should be fraudulently done, or done with any particular intent. The meaning of the statute is a prohibition against shipping this character of liquors under any other designation than the proper designation. It might be, although that question is not before you, that they could ship the liquors without any designation at all. They were not required to put any marks upon the barrels, but, if they did, they should put the true designation.

It goes without saying that, before you can find this defendant guilty, you must be satisfied beyond a reasonable doubt that it is guilty as charged in the indictment. That does not mean that you should indulge in any fanciful or chimerical doubts not arising from a fair and impartial consideration of the evidence. You have no right to disregard the evidence, but, if after giving the evidence a fair and im-

partial consideration you are satisfied beyond a reasonable doubt that the defendant is guilty as charged in the indictment, then it is your duty to find it guilty.

On the other hand, if you have a reasonable doubt that these shipments were made, if you have a reasonable doubt upon the facts in the case, then it will be your duty to find it not guilty.

NOTE.—The jury returned a verdict of guilty as charged in the first, third, and fifth counts of the indictment, and afterward, on the 30th day of September, after overruling motion for a new trial and in arrest of judgment, the court imposed a fine of $500 upon each count.