## UNITED STATES v. GALLANT.

(District Court, W. D. Michigan, S. D. March 1, 1910.)

INTERNAL REVENUE (§ 40*)—STAMPS—FAILURE TO OBLITERATE—OFFENSES—INTENT.

A conviction may be had, under Rev. St. § 3324 (U. S. Comp. St. 1901, p. 2168), making it a felony to empty a cask of distilled spirits without then and there effacing and obliterating the stamps, marks, and brands thereon, though defendant's act was inadvertent and negligent, and did not involve actual felonious intent.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 40.*]

Louis Gallant was indicted for emptying a cask containing distilled spirits without effacing the stamps, marks, and brands, and moves to quash the indictment. Denied.

Geo. G. Covell, Dist. Atty., for the United States.
Richard G. Newnham, for defendant.

DENISON, District Judge. This is a prosecution under section 3324 of the Revised Statutes (U. S. Comp. St. 1901, p. 2168); and it is alleged that, at the time of emptying a cask containing distilled spirits, the respondent "then and there unlawfully did fail to efface and obliterate the said stamp, marks, and brands." A motion is made to quash the indictment, because it does not otherwise allege a specific wrongful intent; and it is conceded by the district attorney that the evidence will not clearly show any such intent, and will not distinctly, if at all, contradict the respondent's assertion that the failure to efface the stamp was merely careless or inadvertent; and it is further agreed that this motion may be treated as if such situation was fully stated in the indictment, or as if the question arose, and the facts appeared, upon a motion in arrest, after verdict.

In support of the motion, it is urged that an offense, under this section, is a felony, and that a felony necessarily involves an actual felonious intent. Some general statements from text-books and decisions are cited in support of that proposition, but none seems to require comment, excepting U. S. v. Smith (D. C.) 27 Fed. 854. This was a prosecution under section 3296, which, like section 3324, makes no express reference to the intent or purpose accompanying the act. It has reference, however, to a positive act, and there may be a distinction between an act of commission, which may or may not be done with intent to defraud the revenue, and an act of omission, against which a specific penalty is pronounced, and which may be in violation of the law merely because the omission exists, and without regard to the actual intent. This distinction seems to be recognized by the same judge who wrote the opinion in U. S. v. Smith, because in U. S. v. Buchanan (D. C.) 9 Fed. 689, considering section 3324, he holds that the respondent may be guilty, through the act of an agent, in omitting to destroy the stamp, although in such case there would be no specific criminal intent by the respondent.

In so far as U. S. v. Smith may support the conclusion that a purpose to defraud the government is an essential ingredient in the offense defined by section 3324, it does not commend itself to my judgment. Felton v. U. S., 96 U. S. 699, 24 L. Ed. 875, and Potter v. U. S., 155 U. S. 438, 15 Sup. Ct. 144, 39 L. Ed. 214, refer to instances where the willfulness of the act was, by the statute, made an ingredient in the offense.

There is a familiar line of cases, under laws relating to taxation and police regulation, in which it is well settled that the offense consists in the act itself, wholly without regard to the intent—as, for example, prohibitions in the liquor laws against keeping a saloon open, excepting at permitted times. It does not seem that this rule should be changed because only in a given case the stated penalty makes the offense a felony. That is a consideration for the Legislature.

The conclusion that an express criminal intent is not, under such a statute, vital to the offense, seems to be well supported by decisions in the federal courts. In U. S. v. Buchanan (D. C.) 9 Fed. 689, such rule is applied to this very statute; and to the same effect is U. S. v. Adler and Forst; Fed. Cas. No. 14,424. The same holding is made by Mr.

Justice Miller, in U. S. v. Ulrici, 3 Dill. 532, Fed. Cas. No. 16,594. In U. S. v. Thomson (D. C.) 12 Fed. 245, the rule is stated that negligence may be equivalent to a criminal intent, and is applied to the provisions requiring a ship's master not to take on more than a certain number of passengers, and to deliver a correct passenger list. In. U. S. v. Bayaud, 16 Fed. 383, which was an indictment under, or dependent upon, section 3324, it was distinctly held by Judges Wallace, Benedict, and Brown that neither an intent to defraud the United States, nor any other particular intent, was made, by the statute, an ingredient of the offense (though this case reserves the question whether the general felonious intent was necessary). In U. S. v. Spiegel, 116 U. S. 276, 6 Sup. Ct. 587, 29 L. Ed. 664, Mr. Justice Matthews declared that the statute was violated, if the failure to destroy the stamp was "by neglect or otherwise" (though this was dictum, so far as concerns its application to the present case). In U. S. v. Liquor Dealers' Supply Co. (D. C.) 156 Fed. 219, it was held that the shipping of liquors under a name other than the proper name was, in itself, a violation of section 3449 (page 2277), without regard to whether it was done with fraudulent intent or any particular intent. In U. S. v. Guthrie (D. C.) 171 Fed. 528, where the question was of reusing a package without destroying the stamp previously affixed, it was expressly held that this reuse need not be knowing and willful, and that the offense was complete when the bottle was reused without, in fact, destroying the stamp. The question of criminal intent, under the revenue laws, is considered, also, in U. S. v. Staats, 8 How. 41, 12 L. Ed. 979; Kaufmann v. U. S., 113 Fed. 919, 51 C. C. A. 549; U. S. v. Stowell, 133 U. S. 12, 10 Sup. Ct. 244, 33 L. Ed. 555; Felsenheld v. U. S., 186 U. S. 126, 22 Sup. Ct. 740, 46 L. Ed. 1085; U. S. v. Barnhardt, Fed. Cas. No. 14,526; U. S. v. Davis, Fed. Cas. No. 14,928; U. S. v. Dobbs, Fed. Cas. No. 14,972; U. S. v. Jacoby, Fed. Cas. No. 15,462; U. S. v. Torge, Fed. Cas. No. 16,533.

It is possible that there might be a failure to remove the stamp, which failure would be so far the result of accident that it would not be such an omission as the statute contemplates; but the present case presents only a question of negligence or carelessness.

It is urged that every presumption should be against a construction which makes it imperative that a conviction for felony should follow an inadvertence. If this view was to receive consideration, it might be neutralized by the well-established practice of the revenue department to compromise all cases of that kind.

My conclusion is that the offense is complete without the presence of any. deliberate purpose to violate the law. The motion is overruled, and the jury will be instructed accordingly.