## STATE ex CLUM v
## MUNICIPAL COURT OF CLEVELAND et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15539.   Decided June 22, 1936

Alfred Clum, Director of Law, Cleveland, Perry A. Frey, Chief Police Prosecutor, Cleveland, and Stephen Gobozy, Assistant Police Prosecutor, Cleveland, for plaintiff.

Raymond F. Dacek, Assistant Director of Law, Cleveland, for defendants.

## OPINION

By LEVINE, J.

This is an original action in mandamus filed in this court. The petition prays for a peremptory order of mandamus against the Municipal Court of Cleveland and Joseph N. Ackerman, Judge, to set aside certain orders of suspension and to order each of said defendants whose sentence is suspended to serve according to the sentence previously imposed.

The record discloses that the Law Director of the City of Cleveland, represented by his assistant Perry A. Frey, Chief Police Prosecutor, filed this petition in mandamus and that Raymond F. Dacek, assistant to said Alfred Clum, Director of Law, is representing the Municipal Court and Joseph N. Ackerman, Judge.

It is quite apparent that both sides are seeking a determination as to the power of the Municipal Court to suspend sentences at a time other than the time of sentence.

A demurrer was filed in behalf of the Municipal Court and Joseph N. Ackerman, Judge. The demurrer challenges the sufficiency of the petition. From a reading of the brief and a hearing of argument of both counsel, we find that this court is called upon to interpret §13451-8b GC, 115 Ohio Laws, 543 (July 1st, 1933,) which reads as follows:

"Any court sentencing a person for misdemeanor forbidden by statute or ordinance may at the time of sentence remit the same or suspend such sentence in whole or in part, upon such terms as he may impose."

In substance, the petition alleges that two persons, Pete Laduca and Santo Sgro, after informations were filed against them charging assault and battery and after trial the defendants were adjudged guilty of said charge and were sentenced as follows:

"Pete Laduca was sentenced the cost of the proceedings and ordered to serve six months in the workhouse, and

"Santo Sgro was ordered to pay a fiie of $100.00 and the costs and sentenced to three months in the workhouse; and to stand committed to the workhouse until their term of sentence was served and said fine and costs were paid or secured to be paid unless otherwise released according to law."

That thereafter the Judge entered a motion in mitigation and ordered the sentences suspended until January 4th, 1936. On the said 4th day of January, 1936, the said motion in mitigation was continued to January 15th by the Judge. On January 15th, 1936, the same was continued by the court to January 31st, 1936. It was again continued to February 7th. On Feb-

ruary 15th, 1936, the court suspended the fine and costs and term of imprisonment. The entry reads as follows:

"Defendant in court, motion in mitigation granted, sentence suspended, probation six months."

The sole question presented for our consideration is the interpretation of §13451-8b GC, above set forth.

The plaintiff concedes that the court may, at the time of sentence, remit all or any part of the sentence or suspend such sentence in whole or part, but the plaintiff contends that this power conferred upon the court to remit or suspend any sentence in whole or in part is limited to the time of sentence; that after a sentence had been imposed the court is without any power to either remit or suspend. It is urged, therefore, by plaintiff, that all the acts and orders of Judge Ackerman which followed the imposition of sentence were null and void and of no legal effect. The phrase found in §13451-8b GC "may at the time of sentence," is construed literally. It excludes any other time.

It is claimed by plaintiff that if on December 24th, 1935, at the time sentence was imposed, the court after imposing the sentence had seen fit to either remit the same or suspend the same, the court would have been in the exercise of its statutory power. At no other time, according to the contention of plaintiff, can the court either mitigate or suspend the sentence already imposed.

We are referred to the case of the Municipal Court of Toledo et v State ex Platter, 126 Oh St 103, wherein the court said:

"1. Criminal procedure in this state is regulated entirely by statute, and the State has thus created its system of criminal law covering questions of crime and penalties, and has provided its own definitions and procedure.

"2. By statute, authority is conferred upon trial judges to suspend imposition of sentence and place the defendant upon probation; also discretionary power is conferred upon trial judges to suspend execution of sentence of one convicted of a bailable offense for such period as will give the accused time to prepare, file or apply for leave to file a petition for review of such conviction. Also provision is made for conditional sentence in misdemeanors.

"3. The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute."

The substance of the holding in the Platter case was to the effect (1) that there is no inherent power in the trial court to suspend execution of sentence in a criminal case; (2) that such order of suspension can only be had when authorized by statute. It will be remembered that at the time of the Platter decision, §13451-8b GC was not then in existence; that said section was passed by the legislature in order to undo the effect of the decision of the Supreme Court in the Platter case. There is now authority given by statute to trial courts to either suspend or remit in whole or in part any sentence imposed.

What is meant by the phrase "at the time of sentence?" Should it be construed literally so as to give it the restricted meaning contended for by plaintiff?

In order to gather the intent of the Legislature we must take into consideration the practical operation of courts vested with jurisdiction to hear and determine misdemeanor cases. At the time of sentence there may not be revealed to the trial court all the circumstances which would justify a remitting or suspending of the sentence in whole or in part. As applied to the Municipal Court of Cleveland, with the heavy dockets containing hundreds of cases pending during the course of a day, the time consumed for the hearing of the cases is necessarily limited. The court can get but a glimpse of the case and must form its judgment upon mere impressions. It is well-night impossible for the court to become apprised of all the circumstances at such a limited hearing.

The Legislature in enacting §13451-8b GC intended to remedy the lack of power in the court to suspend and remit as decided in the Platter case. It may well be assumed that the framers of the law did not intend that the court should exercise this power to remit or suspend a sentence, without full and careful deliberation and without a knowledge of all the circumstances. This power to remit or suspend which the Legislature deemed necessary in trial courts would become futile and useless if the authority to remit or suspend were limited literally and strictly to the time of the sentence.

Counsel for the defendant refers the court to two cases in other courts wherein the phrase "at the time of" is construed.

In Hunter v Wetsell, 84 N. Y. 529, the court said, in construing the phrase "at the time of":

"The statute does not mean rigorously, eo instanti. It does contemplate that the contract and the payment shall be at the same time, in the sense that they constitute parts of one and the same continuous transaction."

In United States v Buchanan, 9 Fed. 689, the United States Circuit Court had before it the construction of the phrase "at the time of", wherein the court held that the phrase ought not to be strictly construed but means a convenient time considering the surrounding circumstances.

According to the allegations of the petition the Judge thereafter entered a motion in mitigation. The record discloses that the motion in mitigation was entered on the day of sentence, to-wit, December 24th. The petition further states that the Judge entered a motion in mitigation and ordered the sentence suspended until January 4th, 1936; that several postponements were had that the case was continued from time to time and on each occasion the court suspended the sentence of December 24th, 1935 until February 15th, 1936, at which time the court suspended the sentence indefinitely and placed the defendant on probation for six months.

We must construe these allegations according to their reasonable meaning. We may well attach to these allegations the meaning which counsel in argument and brief attach thereto. In substance, it amounts to this: that on December 24th, 1935, after a plea of guilty the court imposed a sentence upon the defendants, but ▆▆▆▆▆▆▆ at the same time it also entered a motion of mitigation and suspended the sentence to a given date; that thereafter, when several postponements were had, the court repeated the entry continuing the case and suspended the sentence from date to date until February 15th. It appears, therefore, by a reasonable construction of the allegations of the petition and which construction is given to it by brief and argument of both counsel that on December 24th, 1935, the court did not merely impose a sentence but also entered a motion in mitigation and suspended the sentence on that date to a certain date, and from time to time continued the case and on each occasion suspended the sen-

tence until February 15th, 1936. The sentence imposed by the court on December 24th by the wording of the petition and the construction given the action of the court by the brief and argument of counsel was not on unconditional imposition of sentence, because the court at the same time suspended the sentence to a certain date and from time to time repeated the suspension until February 15th.

Even though granting the contention of the plaintiff that the phrase "at the time of sentence" used in §13451-8b GC must be given a limited, restricted and literal interpretation, it could only apply to a case or cases where the entry of the court shows that it intended by its sentence to finally dispose of the case. It is not a case here. The court was not satisfied with merely imposing the sentence but instead, at the same time entered a motion in mitigation and suspended the operation of the sentence until a certain date, and from time to time repeated the order of suspension until February 15th. By ordering the suspension of the sentence imposed on December 24th, 1935, on the same day when the sentence was imposed, the court indicated clearly that the case was not as yet disposed of. All the actions and orders of the court on December 24th, 1935, must be regarded together.

The contention of the plaintiff for a strict, limited and literal meaning of the phrase "at the time of sentence" can only have application to a case where the court imposed the sentence and by the wording of the sentence indicated there was nothing further to be done concerning it. Where at the time of sentence the court suspends the operation of the sentence to a certain date, the court clearly indicates its intention not to consider the matter finally disposed of.

We are aware that the power to remit or suspend sentences may be abused and may prove detrimental to the public welfare. We are likewise aware of the fact that if the power to suspend or remit was deemed a necessary power by the Legislature to be conferred upon trial courts that the same should be exercised not in haste, but after due deliberation and with full knowledge of all the facts and circumstances surrounding the case. To take away from the court the power to inquire, investigate and deliberate, would be most detrimental to the administration of justice.

Our conclusion is:

First: That the phrase "at the time of sentence" is not to be construed literally,

but must in the light of other decisions be taken to mean a reasonable time in the light of surrounding circumstances.

Second: That the sentence in the case at bar by the entry of the court was not intended as a final disposition of the case.

Upon these considerations we hold that the demurrer should be sustained.

Since the parties submitted this case upon demurrer only and indicated that it is not their desire to further plead, the writ will be denied and the petition is ordered dismissed.

TERRELL, J, concurs in the judgment. LIEGHLEY, PJ, dissents.