UNITED STATES v. GUTHRIE.

(District Court, S. D. Ohio, E. D.   June 14, 1909.)

No. 570.

1. INTERNAL REVENUE (§ 40*)—WHISKY CONTAINERS—REUSE—OFFENSES—WILLFULNESS.

Act Cong. March 3, 1897, c. 379, 29 Stat. 626 (U. S. Comp. St. 1901, p. 2150), prohibits the reuse of bottles containing whisky bottled in bond, without removing and destroying the stamps. *Held*, that the criminality involved in the reuse of a bottle containing whisky bottled in bond, without removing and destroying the stamps, does not depend on its being knowingly and willfully done; the offense being complete if the bottle is reused without destroying the stamps.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 100; Dec. Dig. § 40.*]

2. INTERNAL REVENUE (§ 40*)—REFILLING WHISKY BOTTLES—DESTRUCTION OF STAMPS—ACTS OF AGENTS.

A seller of whisky is guilty of violating Act Cong. March 3, 1897, c. 379, 29 Stat. 626 (U. S. Comp. St. 1901, p. 2150), prohibiting the reuse of bottles containing whisky bottled in bond without the removal and destruction of the stamp, though the refilling of the bottle, without destroying the stamp, is the act of the seller's bartender, or agent, acting within the scope of his employment.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 40.*]

3. CRIMINAL LAW (§ 561*)—"REASONABLE DOUBT."

"Reasonable doubt," sufficient to justify an acquittal, must be a substantial one, in view of all the evidence in the case, and not a mere possibility of innocence. It must be a doubt arising out of the evidence, for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which a reason can be given, and such as would exist in the mind of a reasonable man after free, full, and careful consideration of all the evidence, though the law does not require that the evidence should exclude all doubt and amount to absolute certainty.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1267; Dec. Dig. § 561.*]

For other definitions, see Words and Phrases, vol. 7, pp. 5958–5972; vol. 8, p. 7779.]

CRIMINAL LAW (§ 308*)—PRESUMPTION OF INNOCENCE.
A person accused of crime is presumed to be innocent, and such presumption runs in his favor as to every element of the crime charged, and abides with him throughout the case until removed beyond a reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 731; Dec. Dig. § 308.*]

5. CRIMINAL LAW (§ 309*)—CHARACTER—PRESUMPTIONS.
A person accused of crime is not required to call witnesses as to his general good character, but will be presumed to be of good character until such presumption is removed beyond a reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 738; Dec. Dig. § 309.*]

6. CRIMINAL LAW (§ 553*)—EVIDENCE—CREDIBILITY OF WITNESS.
In considering the credibility of witnesses, the jury should consider their opportunities for knowledge, their intelligence, conduct on the stand, probability or improbability of their statements, prejudice, or interest, if any, corroboration, and facts and circumstances disclosed by the evidence which reflect on their credibility.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1252; Dec. Dig. § 553.*]

Sherman T. McPherson, U. S. Dist. Atty.
T. S. Hogan, for defendant.

SATER, District Judge (charging jury). The indictment is laid under Act March 3, 1897, c. 379, 29 Stat. 626 (U. S. Comp. St. 1901, p. 2150), which permits the bottling of distilled spirits in bond and also provides a means of raising revenue for the government and for protecting the consumer against inferior goods. The bottle mentioned in the indictment was filled with distilled spirits (whisky) and stamped under the supervision of the United States government, by passing over its mouth an adhesive engraved strip stamp, at the distillery of the Rossville Distillery Company, in Indiana. The stamp has been broken, but still adheres to the bottle. The whisky was intended for domestic use. The indictment charges that the defendant, without removing and destroying the stamp which had been affixed at the distillery, as required by law, unlawfully, knowingly, and willfully reused the bottle, thus previously filled and stamped, for the purpose of containing distilled spirits other than those placed in it at the distillery. It also charges that the bottle was found and taken by the government's agents upon the defendant's premises at his place of business, and when so found and taken contained whisky and spirits of the proof of 96 per cent., which, it is said, was not the whisky originally placed in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
171 F.—34

the bottle at the time of the bottling and stamping at the distillery. The plea of not guilty puts in issue every averment of the indictment. If the defendant is guilty as charged, he committed an offense which subjects him to punishment.

The bottling, packing, and casing at the distillery was required to be done under the supervision of a United States storekeeper. Before spirits are bottled, the distiller is permitted, in the presence of such a storekeeper, to remove, by straining or filtering through cloth, felt, or other like material, any charcoal, sediment, or other like substance found therein, and, whenever necessary, to reduce such spirits, by the addition of pure or distilled water only, to 100 per cent. proof. The storekeeper, who was stationed at the distillery, and who is a man of considerable experience in his line of work, has told you of the mode of procedure in the bottling, packing, and casing of spirits at the distillery from which the bottle originally came, and that in all his experience he never knew of any liquor being sent out from there under 100 per cent. proof. Another gauger of large experience testified that he never saw any whisky bottled in bond below 100 per cent. proof, and there is evidence to show that bottles containing such whisky are not labeled if it is below that percentage. The effect of the addition of water to whisky is to reduce its proof, and the contention here is that the spirits found in the bottle when the government took possession of it, being below 100 per cent. proof, were not those placed in it at the distillery. The undisputed evidence is that the proof of such spirits is not more than 96 per cent.

After the liquor was filtered and bottled, it was examined at the distillery by boys from 16 to 18 years of age, who would hold the bottle between them and an electric light, to see whether the spirits were clear or not. If any sediment was detected in the bottle, it was customary to refilter the spirits to remove such sediment. The filtering of the spirits is a matter in which the distiller only is concerned, not the government. There is a sediment of some kind in the bottle in question. Its presence there is important only as it may or may not reflect on the reuse of the bottle. There is evidence to show that the distillery people washed their bottles before filling them with spirits. One of the government's experts has expressed the opinion that the liquor now in the bottle was drawn from a barrel. Whence came the sediment found in the bottle? Was the liquor put into an unwashed or imperfectly washed bottle? Was the sediment in the liquor at the time of bottling? Did the boys, whose duty it was to inspect it by the aid of the electric light, perform or fail to perform that duty? Was it drawn with the liquor into the bottle from a barrel containing such sediment? These are questions you must answer, if you can. The defendant kept barreled whisky on his premises and refilled bottles from it. He testified that he reused and refilled, as bar bottles, bottles which had contained distilled spirits in bond, but says that he had no knowledge of having in his possession any bottled spirits under 100 per cent. proof, and always removed the stamps and labels from them prior to refilling them from barrels of whisky. He does not know, so he states, whether the whisky now in the bottle was taken from a barrel or not. One of the bartenders testified that he never refilled a bottle without removing the stamps.

The other stated that he refilled no stamped bottles, but that there was whisky in barrels on the defendant's premises, and drinks were sold from refilled bottles.

You must determine from the evidence whether or not the liquor now in the bottle came from one of the defendant's barrels, and in that connection you should consider its percentage of proof, the sediment in it, and all the other evidence reflecting on the question. If the whisky now in the bottle was placed there at the distillery, the defendant is not guilty. If he did not reuse the bottle, he is not guilty, no matter what the proof of the whisky may be, or how the sediment in it happens to be there. On the other hand, if the whisky which was placed in the bottle at the distillery was removed, and the bottle was reused, as charged in the indictment, he is guilty.

The question has arisen: Is it necessary on the part of the government, in order to convict, to show that the defendant knowingly and willfully reused the bottle? On that point I charge you that the clause of the statute under which the indictment is laid does not make the criminality of the act forbidden to depend upon its being knowingly or willfully done, and the government is not therefore required to prove that he reused the bottle knowingly and willfully. The reuse, for the purpose of containing distilled spirits, of bottles which had been filled and stamped under the provisions of the act, was optional with the defendant. The statute threw on him the burden of keeping within its requirements in case he reused any of such bottles. The question is: Did he reuse the bottle mentioned in the indictment without removing and destroying the stamp that had been previously affixed to it? If he did, the offense charged was committed, whether he did so knowingly or willfully, or not.

Another question is: What is the attitude of the defendant if the bottle was refilled or reused, in violation of the statute, by one of his bartenders? His bartenders were his agents. The offense charged is of that class in which it is not necessary to prove guilty intent. The defendant, being engaged in the business of selling distilled spirits which had been bottled while in bond, whether he conducted it by himself or his agents, was bound at his peril to see that there was no reuse of any bottle, for the purpose of containing distilled spirits, which had once been filled and stamped under the provisions of the act in question, without removing and destroying the stamp previously affixed to such bottle. The bottle in question is only about half full. If it was refilled, it has been reused. If one of the defendant's agents, acting within the scope of his employment, reused the bottle without removing and destroying the stamp, the defendant's liability is the same as if he had reused it himself, for the reason that the reuse of the bottle, without the removal and destruction of the stamp, is forbidden by positive law, and neither ignorance of the statutory requirement nor failure to observe it through inadvertence excuses the defendant, whether such ignorance or inadvertence is that of himself or that of his agent acting within the scope of the agency with which he was intrusted. If, therefore, you find that the bottle was reused in violation of the law, and that it was one or both of his bartenders that so reused it, you

must then find that his agent or agents, as the case may be, were acting within the scope of his or their employment, in order to convict.

To convict, the government must convince you, and each of you, of the defendant's guilt beyond a reasonable doubt. A reasonable doubt must be a substantial one, with a view to all the evidence in the case, and not a mere possibility of innocence. It must be a doubt which arises out of the evidence—not a mere possible, or conjured up, or imaginary doubt, but one for which you can give a reason, such a doubt as would exist in the mind of a reasonable man after a free, full, and careful consideration of all the evidence. The law, however, does not require that the evidence should exclude all doubt, because absolute certainty is not required.

The defendant is presumed to be innocent. The presumption of innocence runs in his favor as to every element of the crime charged, and abides with him throughout the case until removed beyond a reasonable doubt. There is also in his favor a presumption of good character. This presumption also runs in his favor throughout the case until removed by evidence of the character mentioned. He was not required to call any witnesses as to his general good character, and his failure to do so raises no presumption or inference that it was bad.

You are the judges of the weight of the evidence and the credibility of witnesses. You should consider the opportunities of each for knowledge, his intelligence, his conduct on the witness stand, the probability or improbability of his statements, his prejudice or interest, if any, whether or not he is corroborated or uncorroborated in any way, and all the facts and circumstances disclosed by the evidence which reflect upon his credibility, and then determine the value to be given to his statements. You may retire, and when you have reached a verdict you may report.

The jury returned a verdict of guilty.