STATE, RESPONDENT, *v.* TUDOR, APPELLANT.

(No. 3,233.)

(Submitted March 19, 1913.   Decided April 1, 1913.)

[131 Pac. 632.]

*Criminal Law—Gaming—Information—Surplusage—Waiver of Objection —Detectives —Cross-examination —Evidence —Competency—Oral Instructions—Record—Review.*

Criminal Law—Gaming—Information—Surplusage.

1. *Held,* under section 8416, Revised Codes, which makes gaming carried on or conducted by one as "principal, agent or employee" a crime, that an information charging defendant with a violation of said section "as owner and proprietor" of the game was not defective, the words last quoted being surplusage, neither restricting nor enlarging the meaning of the information.

Same—Information—Demurrer—Waiver of Objection.

2. A demurrer to an information on the general ground that the facts therein were not stated in ordinary and concise language, in such manner as to enable a person of common understanding to know what was intended, was equivalent to a waiver of the objection, in the absence of a distinct specification of the particular ground thereof, as required by section 9201, Revised Codes.

Same—Rulings on Evidence—Error—Brief—Duty of Appellant.

3. Counsel alleging error in rulings on evidence sought to be elicited on cross-examination must in his brief point out wherein they were prejudicial to the substantial rights of his client, charged with crime, it not being incumbent upon the supreme court, in the absence of such assistance, to make a critical examination of them in an effort to ascertain whether they in fact wrought prejudice.

Same—Detectives—Evidence—Cross-examination—Exclusion of Evidence—Harmless Error.

4. Where, though technical error was committed in the exclusion of testimony sought to be elicited by defendant from detectives on cross-examination, substantially all the pertinent facts relative to their character and credibility—the only purpose for which the evidence was material—were brought to the knowledge of the jury, the action of the court *held* nonprejudicial.

Same—Detectives—Evidence—Competency.

5. Testimony of detectives who acted as decoys and took part in a gambling game, for the unlawful carrying on of which defendant was on trial, *held* competent.

Same—Instructions—To be Given in Writing.

6. In the absence of a waiver by the parties to a criminal prosecution, the instructions to the jury must, under section 9271, Revised Codes, be delivered in writing.

Same—Oral Instructions—Absence of Objection—Record—Review.

7. Where, in a criminal cause, the only showing in the record on appeal that the instructions had been delivered orally instead of in writing as required by section 9271, Revised Codes, was the heading to the charge: "Oral Instructions of the Court to the Jury," and in the absence of any objection and exception to the alleged erroneous course pursued by the trial court, the assignment of error in counsel's brief in this respect *held* not to merit consideration.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

OVERTON TUDOR was convicted of gaming and appeals from the judgment of conviction. Affirmed.

Cause submitted on briefs of counsel.

*Mr. J. L. Staats,* for Appellant.

*Mr. D. M. Kelly,* Attorney General, and *Mr. S. P. Wilson,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was charged by information by the county attorney of Gallatin county with the crime of gaming, as follows: "That the said Overton Tudor, in the city of Bozeman, in the county of Gallatin, state of Montana, on or about the 1st day of November, A. D. 1911, * * * did then and there willfully and unlawfully carry on, open and cause to be open, conduct and cause to be conducted, operate and run, as owner and proprietor thereof, a certain gambling game, or game of chance, commonly called studhorse poker, then and there played with cards for money, checks and representatives of value," *etc.* He was found guilty and sentenced to pay a fine of $500 and to undergo imprisonment in the county jail for a term of seven months and until the fine should be paid. This appeal is from the judgment. The cause was submitted upon briefs, without oral argument.

1. The contention is made that the court erred in overruling defendant's demurrer to the information. The grounds of the demurrer are (1) that the facts alleged do not constitute a public offense, and (2) that they are not stated in ordinary and concise language in such manner as to enable a person of ordinary understanding to know what is intended. Section 8416, Revised Codes, declares: "Any person who carries on, opens or

[1]   causes to be opened, or who conducts or causes to be conducted, or operates or runs, as principal, agent or employee, any game of  *  *  *  studhorse poker  *  *  *  or any game of chance played with cards  *  *  *  for money, checks, *etc.,* is punishable by a fine," *etc.* Its purpose is to declare it a crime for any person to open, carry on, or conduct any of the. games enumerated, including those who act for him as his agents or employees, as distinguished from mere players.   The charge in the information does not pursue accurately the language employed in the statute; nevertheless the allegation that the defendant did carry on, conduct, and cause to be conducted the game mentioned, is sufficient to charge him with the offense. (*State* v. *Wakely,* 43 Mont. 427, 117 Pac. 95.)   The expression "as owner and proprietor thereof" does not clearly convey the meaning of the pleader.   By the use of it he evidently intended to state definitely the relation of the defendant to the game to be that of principal or chief actor, but its presence does not affect the sufficiency of the charge.   It may be rejected as surplusage, because it does not restrict or enlarge the scope or meaning of the information.

Section 9200, Revised Codes, enumerates the objections which may be made by demurrer to the indictment or information. Among them is the one sought to be availed of by the second [2]   ground laid in the demurrer here.   If it be conceded that the expression in question renders the pleading uncertain or indefinite, the defendant is not in position to take advantage of it because he does not specify the particular ground of his objection.   Section 9201 provides that the demurrer "must distinctly specify the grounds of objection to the indictment or information, or it must be disregarded."   Section 9208 provides: "When the objections mentioned in section 9200 appear on the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, or after the trial, in arrest of judgment."   Section 9157 declares: "No indictment

or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits," The purpose of these provisions is to require the defendant to raise all questions touching the form of the charge made against him, not going to the jurisdiction of the court or the sufficiency of the facts, by demurrer, and if he fails to do so, he must be conclusively presumed to have waived them. (*People* v. *Matuszewski*, 138 Cal. 533, 71 Pac. 701.)

2. Assignments of error from 2 to 16, inclusive, relate to rulings of the court upon the competency and materiality of [3] evidence sought to be elicited from the state's witnesses Zimmerman and Kelly, upon cross-examination. Since counsel for defendant, though alleging error in all of these rulings, does not undertake to point out wherein they were prejudicial, we do not think it is incumbent upon us to make a critical detailed examination of them, to determine whether they in fact wrought prejudice. Such examination as we have been able to make, however, without the assistance of either oral or printed argument, leads us to the conclusion that the substantial rights of the defendant were not prejudiced.

As in the case of *State* v. *Wakely, supra,* the two witnesses upon whose testimony the state relied for conviction were detec- [4] tives. They were employed by some person or persons residing in Gallatin county to detect violations of the statute prohibiting gaming and other offenses, and to furnish evidence to convict the guilty parties. They testified that they were invited to take part in a game of stud poker which was being carried on by the defendant in the city of Bozeman; the players purchasing checks from him and settling their balances with him at the close of the game. On cross-examination they were questioned as to who employed them; what compensation they received; who paid it; the sources from which they obtained expense money, including the amounts they used in the game; what reports they made to any local officer or citizen; and other similar matters. Upon objection by the county attorney most of these

inquiries were excluded; but in so far as it was material as reflecting upon the character of the witnesses or their credibility—it was not material for any other purpose—sufficient of the information sought found its way into the possession of the jury during the course of the cross-examination to enable them to form a clear judgment as to whether the witnesses were entitled to credit. We think the court committed technical error in some of the rulings, but we think substantially all the pertinent facts were brought out. Therefore it does not appear that the defendant suffered prejudice.

3. Contention is made that the court erred in refusing to [5] direct the jury to acquit the defendant because the testimony of Zimmerman and Kelly was unworthy of credit. It is argued that while they were acting under the guise of detectives they were committing unlawful acts, and hence that their testimony was so far impeached that the court should have disregarded it as of no evidentiary value. This point is disposed of by the discussion in *State* v. *Wakely, supra.* The evidence was competent even though the witnesses did act as decoys, taking part in the transaction which itself was criminal; and the cases are numerous in which convictions on this character of evidence have been sustained. (*In re Wellcome,* 23 Mont. 450, 59 Pac. 445, and cases cited.) Though the defendant and one witness who was present when the game is said to have been played denied that there was any game opened or played, it was for the jury to ascertain the truth from the evidence such as it was.

4. The motion in arrest of judgment was properly denied. The contentions of counsel in this connection are the same as those urged against the action of the court in overruling the demurrer. They have already been disposed of.

5. It is argued that the court committed gross error in delivering its instructions to the jury orally instead of in writing. In considering this subject in *State* v. *Fisher,* 23 Mont. 540, 59 Pac. [6] 919, this court held that section 2070, Penal Code of 1895, made it obligatory upon the trial court in a criminal case to deliver its instructions in writing, and the defendant in that case was awarded a new trial because of the failure of the court to

observe the requirement of the statute. This section, as amended by the Act approved March 4, 1907 (Laws 1907, Chap. 82), appears in the Revised Codes as section 9271. The provision of the old section touching the mode of instructing the jury was not changed, however, by the amendment. The old section also prohibited comment by the court upon the instructions unless by the consent of the parties. The amended section contains no provision on this subject. It was further held, in effect, in *State* v. *Fisher,* that mere silence of the parties was not sufficient to justify the court in disregarding the injunction of the statute, and that nothing short of a formal consent was sufficient. Whether this requirement is to be deemed affected by the omission from the later section of the provision last mentioned, we need not inquire. It is sufficient to say that the necessity to observe the mandate of the statute as construed in *State* v. *Fisher* to submit all instructions in writing is, we think, in the absence of a waiver of the parties, still imperative.

The record in this case, however, is not sufficient to disclose what occurred in the district court. Whether the court delivered the instructions orally or in writing does not appear. True, [7] the instructions found in the record appear under the title, "Oral Instructions of the Court to the Jury." Otherwise the record is silent. There is no exception or other intimation that the court violated the statute. The only definite information conveyed is by the assignment of counsel in his brief. Under these circumstances, there being no complaint that there is error in any of the instructions as delivered, we are not disposed to reverse the judgment. If counsel in any case desire this court to review the action of the trial court with reference to any matter occurring during a trial, it is incumbent upon them to cause to appear definitely in the record the facts and circumstances characterizing the action. We cannot act upon bare inferences or statements of counsel for which we can find no substantial support in the disclosures made by the authenticated record. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.