## STATE, RESPONDENT, *v.* CATERNI, APPELLANT.

(No. 3,850.)

(Submitted January 29, 1918. Decided February 26, 1918.)

[171 Pac. 284.]

*Criminal Law—Homicide—Murder in First Degree—Killing Wrong Person—Motion in Arrest—Evidence—Self-defense—Instructions.*

Criminal Law—Motion in Arrest.
    1. Under section 9353, Revised Codes, a motion in arrest lies only for the defects mentioned in section 9200, appearing on the face of the information, if not waived by failure to demur.

Same—Motion in Arrest—Evidence—Inadmissibility.
    2. Resort to evidence extrinsic the information to show that it does not accurately state the facts is not permissible on motion in arrest.

Same—Murder in First Degree—Killing Wrong Person—Effect.
    3. Since murder in the first degree is the taking of a human life with a deliberate and premeditated design to kill the person who was killed, a verdict finding defendant guilty of that degree was not warranted by evidence showing that deceased was accidentally killed by a shot fired by defendant but intended for another who was also killed by a second

On the question of assault with intent to murder or kill by unlawful act aimed at another than the one injured, see note in 37 L. R. A (n. s.) 172.

On the question of homicide by unlawful act aimed at another than the one killed, see note in 63 L. R. A. 662.

shot but for the killing of whom defendant was not on trial; in such case the crime becomes murder in the second degree or manslaughter.

[As to necessity that motive be proved in prosecutions for murder, see note in Ann. Cas. 1912C, 236.]

Same—Self-defense—Instruction—When Inapplicable.

4. Under circumstances such as are adverted to in paragraph 3, *supra,* an instruction on the question of self-defense was inapplicable.

Same—Evidence—Quarrelsome Disposition of Deceased—*Res Gestae.*

5. Evidence that the person whom defendant intended to kill and subsequently killed was practically running amuck the evening of the homicide, armed with a stiletto, quarreling with and threatening other persons besides defendant, was admissible as part of the *res gestae,* as well as to show who was the aggressor and thus responsible for the killing of the person who lost his life accidentally.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

JOHN CATERNI was convicted of murder, and appeals from the judgment and an order denying his motion for a new trial. Reversed and remanded.

*Mr. Peter Breen* and *Mr. A. C. McDaniel,* for Appellant, submitted a brief; *Mr. Breen* argued the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. R. L. Mitchell,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

John Caterni, convicted in the district court of Silver Bow county of murder in the first degree, seeks a reversal of the judgment against him and of an order denying his motion for new trial, upon several grounds, chief among them these:

1. That the information is insufficient to withstand the motion in arrest of judgment duly made and by the court denied. The motion as made covered a wide field, but its principal point is that the information charges the intentional killing of Rocchino Calvetti, whereas the evidence in the case shows that if Rocchino Calvetti was killed by Caterni, such killing was accidental and

unintentional, the shot being aimed at and intended for Severino
[1] Calvetti. The contention is invalid. A motion in arrest
lies only for certain defects appearing on the face of the indict-
ment or information, not waived by failure to demur. (Secs.
9353, 9200, Rev. Codes.) There was no demurrer to this in-
formation, and whether it tells a true story or not, it is upon its
[2] face clear, specific and sufficient. Resort to evidence ex-
trinsic to it to show that it does not accurately state the facts
is not permissible on motion in arrest. (*State* v. *Tully*, 31
Mont. 365, 371, 3 Ann. Cas. 824, 78 Pac. 760.)

2. That the verdict is not warranted by the evidence in this:
It does not show the killing of Rocchino by Caterni, but does
show that the shot which killed Rocchino, if it came from Caterni,
was delivered by the latter in his necessary self-defense against
Severino Calvetti, and was not intended for Rocchino, but for
[3] Severino. Briefly stated, the situation as described by the
record is that Rocchino was a child ten years old; as the result
of an altercation in which Severino, Caterni and perhaps others,
not including Rocchino, were engaged, Caterni, conceiving him-
self to be in danger of his life from Severino, shot twice at the
latter, and it is claimed by the state that both shots took effect,
one killing Severino and the other Rocchino. As to whether
Rocchino was in fact shot by Caterni, and whether Caterni was
acting in self-defense, the evidence is more or less conflicting,
but the conflict must be taken as resolved against Caterni by
the verdict of the jury. That he did not in fact desire or
purpose to shoot or kill Rocchino must, however, be conceded,
for all the evidence is to that effect. How, then, stands the
verdict in this situation, remembering that the statute requires,
as a constituent of murder in the first degree, a deliberate, pre-
meditated design to kill (Rev. Codes, sec. 8292)? The general
rule as stated in 13 R. C. L., at pages 745, 746, is that the slayer
"is guilty or innocent exactly as though the fatal shot had
caused the death of the person intended to be killed; the intent
is transferred to the person whose death has been caused." But
in this jurisdiction the law is settled otherwise. Section 21,

Chapter 4, Fourth Division, Compiled Statutes 1887, applied by this court in *Territory* v. *Rowand* (8 Mont.), is the same as our present section 8292, Revised Codes; and in that case four opinions were written which, though differing in other respects, do all agree that a charge of murder in the first degree against R. for the premeditated, intentional killing of B. was not sustained by evidence showing that B. was killed undesignedly in an effort by R. to accomplish the murder of M. (8 Mont. 110, 121, 19 Pac. 595; *Id.*, 8 Mont. 432, 438, 20 Pac. 688, 21 Pac. 19.) In such case the homicide is of course not a guiltless one, but it is not murder in the first degree because the specific intent required by the statute, the deliberate,, premeditated design specifically to kill the person who was killed or to kill him as one of a crowd, is lacking; and it becomes murder in the second degree or manslaughter, according to the circumstances. (See, also, *People* v. *Robinson,* 6 Utah, 101, 21 Pac. 403.)

3. That the district court misdirected the jury in its charge, especially in instructions 14, 16, 17 and 19. Instructions 14, 16 and 17 explicitly authorize the jury to convict of murder in the first degree. In view of what we have just said, these instructions were improper and, as the jury followed them, manifestly prejudicial. Instruction 19, offered by the state, undertook [4] to present the theory and limitations of self-defense; but it was ill adapted to this particular case because it required Caterni to be in fear from the deceased Rocchino. Caterni never claimed to be in fear of Rocchino; his claim—by which he was bound for good or ill—was that if he killed Rocchino, it was undesigned and in the course of self-defense against Severino. Other instructions make this apparent; there was no need for the confusion created by No. 19.

4. That the court erred in excluding evidence tending to show that Severino Calvetti was practically running amuck the entire [5] evening, armed with a stilleto, quarreling with and threatening other persons besides the accused. This was all *res gestae;* but independently of that, it was a proper subject of inquiry

which the accused was entitled to pursue within the limits of a reasonable liberality, as tending to support his claim of fear as well as to show who was the aggressor and thus responsible for the tragic end. (*State* v. *Whitworth*, 47 Mont. 424, 133 Pac. 364; *State* v. *Hanlon*, 38 Mont. 557, 100 Pac. 1035.) The theory of the exclusion seems to have been that upon the trial for killing Rocchino, the acts and conduct of Severino were irrelevant; but this ignores the right of Caterni to contend that Rocchino was killed undesignedly while Caterni was properly defending himself against Severino; yet Caterni was entitled to so contend and to be acquitted if his contention should be upheld, as the jury were told with more or less clarity in the instructions.

5. That the court erred in very many other rulings in the course of the trial, covered by eighty-five assignments. Some of these have merit, others not; and as we are confident that upon a retrial valid ground of complaint will not recur, we deem it unnecessary to further discuss them.

The judgment and order appealed from are reversed and the cause is remanded for new trial.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.