STATE, RESPONDENT, v. PAINE, APPELLANT.

(No. 4,879.)

(Submitted October 26, 1921.  Decided November 14, 1921.)

[202 Pac. 203.]

*Criminal Law—Intoxicating Liquors—Sale—Information—Instructions.*

Criminal Law—Information—Verification Unnecessary.
    1. An information charging a public offense need not be verified by the county attorney.

Intoxicating Liquors—Filing Information—Preliminary Examination of Witnesses—Statute Directory.
    2. Failure of the county attorney to conduct the preliminary examination of witnesses authorized by section 12 of Chapter 143, Laws of 1917, before filing an information by leave of court, is not a ground for setting it aside, the section being directory only, and designed to extend the scope of the prosecuting officer's authority to secure evidence, not to advise the defendant of the evidence he thus obtains.

Same—Information, When Sufficient.
    3. An information stating the proper title of court and cause and containing a statement of the facts constituting the offense, charged in ordinary and concise language so as to enable a person of common understanding to know what was intended, is sufficient.

Same—Purchase—Refusal of Instruction on Agency Proper, When.
    4. Where defendant, on being approached by one desiring to purchase liquor, demanded and received pay therefor and thereupon by telephone instructed a third person to bring a bottle at once, who did so, handing it to the purchaser, an instruction offered by defendant on the theory that he had acted as agent for the purchaser in the transaction, *held* properly refused, an instruction on the question of agency being unwarranted by the evidence.

*Appeals from District Court, Flathead County; C. W. Pomeroy, Judge.*

PETER PAINE was convicted of selling intoxicating liquor, and from the judgment and order denying new trial, he appeals. Judgment and order affirmed.

Cause submitted on briefs of Counsel.

*Mr. Ernest M. Child* and *Mr. Sidney M. Largon,* for Appellant.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for Respondent.

Defendant in a criminal action cannot submit his defense to a jury through instructions of the court unless he first offers some evidence on which such instructions may be based. To rule otherwise would deprive the state of all opportunity of rebutting his defense. He could merely sit still, as he did in the instant case, allow the state to submit all its evidence, and then, no matter how complete and convincing a case the state had made out, submit, through instructions to the jury, his defense without giving the state an opportunity of cross-examining his witnesses or offering rebutting testimony.

The case of *Mo Yaen* v. *State,* 18 Ariz. 491, L. R. A. 1917D, 1014, 163 Pac. 135, held that one procuring intoxicating liquors for another is guilty of an unlawful sale where the statute provides that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid or abet in its commission, are principals, and the law of agency as applied in civil cases has no application in criminal cases. Thus under section 9167, Revised Codes, under the above rule, appellant becomes liable as a principal in the offense. This rule is sustained by the following cases: (*Woods* v. *State,* 114 Ark. 391, 170 S. W. 79; *Pope* v. *State,* 108 Miss. 706, 67 South. 177; *Buchanan* v. *State,* 4 Okl. Cr. 645, 36 L. R. A. (n. s.) 83, 112 Pac. 32; *Kendrick* v. *State,* 11 Okl. Cr. 380, 146 Pac. 727; *State* v. *Gear,* 72 Or. 501, 143 Pac. 890; *Johnson* v. *State,* 172 Ala. 424, Ann. Cas. 1913E, 298, 55 South. 226; *Boyd* v. *State,* 3 Ala. App. 178, 57 South. 1019.) Had appellant offered testimony to show that he was merely acting as agent for Greer in the purchase of the whiskey, he might then have been entitled to ask for the instruction, but he was certainly not entitled to it on the uncontradicted evidence of the state.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of selling intoxicating liquors, and appealed from the judgment and from an order denying him a new trial.

1. It is contended that the guaranty contained in section 7, [1] Article III, of the Constitution was violated in this: That the information was not verified by the county attorney. The question was determined adversely to defendant, and further discussion foreclosed by this court, in *State* v. *Clancy,* 20 Mont. 498, 52 Pac. 267, and that case has been followed and approved in *State* v. *Shafer,* 26 Mont. 11, 66 Pac. 463, and in *State* v. *Martin,* 29 Mont. 273, 74 Pac. 725.

2. It is insisted that the information should have been set [2] aside upon the motion of defendant because neither the prosecuting officer nor a magistrate took the testimony of witnesses relating to the alleged offense before the information was filed, and section 12, Chapter 143, Laws of 1917, is cited in support of this contention. The section does not relate to matters of pleading, and does not purport to amend section 9193, Revised Codes. Its terms disclose that it was the legislative intention thereby to extend the scope of the prosecuting officer's authority in securing evidence of alleged violations of the prohibition law by empowering him to issue subpoenas, and conduct an *ex parte* examination of witnesses, or, in the alternative, to submit the matter to a justice of the peace and secure the examination before that officer. In other words, the purpose of the section is to advise the prosecuting officer, not the violators of the law; but it is directory only, not mandatory, and if the necessary evidence is obtainable otherwise, an information may be filed upon leave of court first obtained, as was done in this instance. Furthermore, the failure of the county attorney to conduct such examination is not a ground for setting aside an information. (Sec. 9193, above; *State* v. *Bowser,* 21 Mont. 133, 53 Pac. 180.)

3. The information is not a model pleading, but it does give
[3] the title of the cause, the proper designation of the
court in which it was filed, the names of the parties, and con-
tains a statement of the facts constituting the offense charged
in ordinary and concise language in such manner as to enable
a person of common understanding to know what was intended,
and is sufficient. (Sec. 9147, Rev. Codes.)

4. The testimony is very brief, but it is ample to sustain
the verdict. John A. Greer was the principal witness for the
state. He testified that on the morning of December 8, 1920,
he went into defendant's place of business at Whitefish; that
defendant was behind the counter; that the witness asked de-
fendant if he (Greer) could get a bottle of whiskey, telling
defendant that he had secured one there the day before; that
defendant asked him what kind he had secured, and witness
replied "Imperial," and that he paid $12 for it; that defendant
then demanded the money, and witness handed him $15 in
currency, which defendant deposited in the cash register,
and returned to witness $3 in change; that defendant went to
his telephone and called the "Whitefish Second-hand Store,"
and asked for "Jake," and over the telephone inquired, "Have
you any Imperial?" and then said, "Bring one down right
away"; that within a few minutes a person, identified as Jake
Carter, entered at the back door of defendant's place of busi-
ness, and started toward the front, but was signaled back by
defendant; that the witness went to the toilet, and Carter in-
quired, "Is this for you?" and, upon receiving an affirmative
answer, delivered to the witness a bottle containing whiskey.
The other evidence need not be considered.

Counsel for defendant insist that they proceeded throughout
[4] the trial upon the theory that defendant acted only as
agent for Greer in purchasing the liquor, and upon that theory
requested the court to give the following instruction: "You are
instructed that under the laws of the state of Montana it is
not unlawful to purchase intoxicating liquor, and you are
further instructed that what a person may do himself, he

61 Mont.—18

may do by an agent, and if you find in this case that the defendant acted as the agent of the witness Greer in purchasing the liquor, if you find that liquor was purchased and without any profit, recompense, or remuneration to himself, then you will find the defendant 'not guilty.' " The request was refused, and error is predicated upon the ruling. We will not stop to consider whether the proposed instruction correctly states an abstract rule of law; it is sufficient to say that in our judgment there is not anything in the evidence to justify submitting to the jury the question of agency.

The other assignments do not merit special consideration. We do not find any errors in the record. The judgment and order are affirmed.

'Affirmed.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, GALEN and REYNOLDS concur.