STATE ex rel. WONG SUN, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 8,213.)

(Submitted May 13, 1941.    Decided June 5, 1941.)

[113 Pac. (2d) 996.]

(153)

*Messrs. O. F. Goddard, W. D. Rankin* and *Arthur Acher,* for relator, submitted a brief; *Mr. Goddard* and *Mr. Rankin* argued the cause orally.

*Mr. J. Miller Smith,* County Attorney, and *Mr. E. M. Hall,* Deputy County Attorney, for Respondents, submitted a brief; *Mr. Hall* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an application for a writ of supervisory control directing the district court to grant an order requiring the State of Montana to furnish a bill of particulars in a criminal proceeding against relator. He alleges that he is charged with the commission of a misdemeanor by an information filed in the district

court of Lewis and Clark county. He filed a motion for a bill of particulars which was denied.

The material part of the information is as follows: ''Wong Sun is accused by the county attorney of Lewis and Clark County, Montana, by this information of the crime of practicing medicine without a license committed as follows: That at the County of Lewis and Clark in the State of Montana, on or about the 10th day of July, A. D., 1940, and before the filing of this information, the said Wong Sun did wilfully, knowingly, and unlawfully practice medicine within the State of Montana without first having obtained a certificate to practice as provided by law.''

The contention of relator is that the information does not sufficiently apprise him of the nature of the accusation to enable him to prepare his defense, and that the refusal of his demand for a bill of particulars is a violation of his constitutional rights. The provisions of the Constitution claimed to be violated are:

Article III, section 16, of the Montana Constitution, which reads in part: ''In all criminal prosecutions the accused shall have the right to appear and　＊　＊　＊　to demand the nature and cause of the accusation.''

And the Sixth Amendment of the Constitution of the United States, which in part reads: ''In all criminal prosecutions the accused shall enjoy the right　＊　＊　＊　to be informed of the nature and cause of the accusation,'' etc.

Respondents resist the petition on the following grounds:

First, that there is no statute authorizing or giving the court or judge the right to require the state to furnish a bill of particulars in a criminal cause.

Second, that the information does sufficiently apprise the relator of the nature and cause of the accusation to enable him to prepare his defense within the meaning of the constitutional provisions relied upon by him; and

Third, that the relator by his plea of ''not guilty'' waived the right to demand a bill of particulars.

The rule applicable to a bill of particulars in a criminal case is set out in 14 Am. Jur., p. 852, as follows: "In most jurisdictions when the indictment does not clearly set forth the charge against the accused, he may move for a bill of particulars for specification of the acts on which the prosecution intends to rely, and such motion will be granted whenever it appears to be necessary to enable the defendant to meet the charge against him. In a few jurisdictions, however, this practice is not recognized."

This state has no statute requiring the giving of a bill of ▇ particulars in a criminal case since the repeal of the prohibition law. (Laws of 1927, Appendix, p. 603.) However, the right to demand a bill of particulars exists by virtue of the constitutional provision which gives the accused the right to "demand the nature and cause of the accusation," where the information fails to furnish the necessary particulars. To hold that there must be statutory sanction of the right to demand sufficient particulars to enable him to make his defense, would be to question the supremacy of the constitutional law. (See *State* v. *Davis*, 39 R. I. 276, 97 Atl. 818, Ann. Cas. 1918C, p. 563.) This court has recognized the existence of the right in a criminal case. (*State* v. *Sedlacek*, 74 Mont. 201, 239 Pac. 1002; *State* v. *Shannon*, 95 Mont. 280, 26 Pac. (2d) 360; *State* v. *Hahn*, 105 Mont. 270, 72 Pac. (2d) 459; *State* v. *Gondeiro*, 82 Mont. 530, 268 Pac. 507.)

The next question presented is whether the information gives ▇ the accused the necessary information to meet the charge against him. The statute under which relator stands charged is section 3122, Revised Codes. That section provides in part as follows: "Any person practicing medicine or surgery within this state without first having obtained a certificate to practice, as provided by law, and after his certificate to practice has been revoked, or contrary to the provisions of this article, shall for each violation of the provisions of this code, or any act relating to the practice of medicine or surgery in this state, be guilty of a misdemeanor * * * . Any person shall be re-

garded as practicing within the meaning of this article who shall append or affix the letters M. B. or M. D., or the title of Dr. or Doctor, or any other sign or appellation in a medical sense to his or her name, who shall publicly profess to be a physician or a surgeon, who shall publicly profess either on his own behalf, in his own name, in his trade name, or on behalf of any other person * * * to cure, treat, relieve, or palliate any ailment, disease * * * by using or prescribing any drug, medicine, or surgical treatment, or who shall recommend, prescribe, or direct, for the use of any person, any drug, medicine, appliance * * * for the cure, relief, or palliation of any ailment * * * , or for the cure or relief of any wound, fracture, or bodily injury * * * after having received, or with the intent of receiving therefor * * * any bonus, gift, or compensation; * * * ."

Respondents rely upon decisions holding that it is not necessary in a murder case to charge the means by which the killing was accomplished. In those cases the name of the person killed was given in the information and in at least that one respect the cases differ from this. Furthermore, in those cases the only question involved was the sufficiency of the information to state an offense, and there does not appear to have been any effort made to have the information made more definite and certain so as to enable the accused intelligently to prepare his defense. Here the offense may be committed under the statute in several ways. The accused is entitled to know what the state is relying upon as constituting the practice of medicine when it may be done by different methods. So far as the right of the accused to a bill of particulars is concerned, a prosecution under section 3122 is analogous to one for violating traffic regulation statutes. A person can be guilty of a misdemeanor by the doing of any one of twenty-two different acts regarding the use of the highways (sec. 1741.7, Revised Codes, as amended by Chapter 182, Laws of 1937), and each act would be a distinct and separate offense. Certainly an accused in a prosecution under that stat-

ute would be entitled to know what particular subdivision of the statute he was accused of violating.

This case is governed by the principles announced in *People* v. *Plath,* 166 Cal. 227, 135 Pac. 954. Respondents also rely upon the cases of *People* v. *T. Wah Hing,* 47 Cal. App. 327, 190 Pac. 662, and *People* v. *Poo On,* 49 Cal. App. 219, 192 Pac. 1090, but in neither of those cases was there a demand for a bill of particulars. The information in each of those cases was merely held sufficient after trial and conviction to state a public offense.

In the case before us the relator is entitled to a bill of particulars in order to ascertain which act or acts the state relies upon as constituting the practice of medicine, or at least which portion of the statute he is accused of violating, so that he may know what he is to meet and prepare his defense accordingly.

Respondents also urge that the relator, by entering a plea of not guilty, has waived his right to a bill of particulars. The accused in asking for a bill of particulars is not objecting to the sufficiency of the information to state a public offense. The right to a bill of particulars is to enable him to know the nature and cause of the accusation against him in order to enable him to prepare to meet the charge, and the motion for the bill of particulars is not designed to test the sufficiency of the information to state an offense. (*Johnson* v. *Great Northern Ry. Co.,* 12 N. D. 420, 97 N. W. 546; see, also, *United States* v. *Bayaud,* (C. C.) 16 Fed. 376, 21 Blatchf. 287; *United States* v. *Tubbs,* (D. C.) 94 Fed. 356; *Floren* v. *United States,* (8 Cir.) 186 Fed. 961, 108 C. C. A. 577; *State* v. *Cline,* 150 N. C. 854, 64 S. E. 591; *Commonwealth* v. *Baltimore etc. R. Co.,* 223 Pa. 23, 72 Atl. 278, 132 Am. St. Rep. 723.

The writ prayed for will issue.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.