STATE, Respondent, *v.* WONG SUN, Appellant.
(No. 8329.)

(Submitted January 5, 1943.   Decided January 30, 1943.)

[133 Pac. (2d) 761.]

*Mr. O. F. Goddard, Mr. Wellington D. Rankin,* and *Mr. Arthur P. Acher,* for Appellant, submitted an original, a reply and a supplemental brief; *Mr. Acher* argued the cause orally.

*Mr. Howard M. Gullickson,* Attorney General, *Mr. Fred Lay,* Assistant Attorney General, and *Mr. J. Miller Smith,* County Attorney of Lewis and Clark County, submitted a brief; *Mr. Lay* argued the cause orally.

188

MR. JUSTICE MORRIS delivered the opinion of the court.

The defendant was charged by information with the crime of practicing medicine without a license. The information was in the following words:

"In the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, on this the 11th day of July A. D. 1940 in the name and on behalf and by the authority of the State of Montana, Wong Sun is accused by the County Attorney of Lewis and Clark County, Montana, by this information of the crime of practicing medicine without a license committed as follows: That at the County of Lewis and Clark, in the State of Montana, on or about the 10th day of July, A. D. 1940, and before the filing of this information, the said Wong Sun did wilfully, knowingly, and unlawfully practice medicine within the State of Montana without first having obtained a certificate to practice as provided by law, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana."

Defendant was found guilty and fined $300, and in default of payment of the fine was given the alternative sentence of serving the fine out in the county jail on the basis of $2 per day. This appeal is from the judgment.

On being arraigned the defendant waived the reading of the information, a copy of which was handed to him, and likewise waived the statutory time for entering his plea, and pleaded not guilty. His demand for a bill of particulars was denied by the trial court, but on petition to this court invoking our powers of supervisory control we directed the lower court to comply with the demand. (*State ex rel. Wong Sun* v. *District Court,* 112 Mont. 153, 113 P. (2d) 996.) Other proceedings were had before the action came to trial, but they have no material bearing

on the merits. After a verdict of guilty was returned, a motion for a new trial was made and denied.

The first assignment of error is on the court's denial of the motion to dismiss the action at the close of the state's case on the ground that the information failed to state facts sufficient to constitute a public offense. The motion was made on three grounds: (1) That the information did not charge a public offense; (2) that it affirmatively appears *from the evidence* that such facts as the witness O'Malley might testify to were procured by "entrapment"; (3) that the evidence is insufficient to support a judgment.

The first of these grounds is the only one that is necessary for us to consider, for the reason that the last two are based upon the "evidence," and there is no evidence by way of testimony or otherwise in the record. All that we may consider in the circumstances is the sufficiency of the information, and whether the court erred in certain of its instructions and in the refusal of those proposed by the defendant on which error is predicated.

On the question that the information failed to state facts sufficient to constitute a public offense, section 11843, Revised Codes, provides what the information shall contain, which is as follows:

"The indictment or information must contain:

"1. The title of the action, specifying the name of the court in which the same is filed, and the names of the parties;

"2. A statement of the facts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." It appears clear to us that one of "common understanding", would have no trouble in determining what he was charged with by the information above recited.

Section 11844, Revised Codes, prescribes all the essentials of the form of an information:

"It may be substantially in the following form: The State of Montana against A B. In the district court of the ....................

district in and for the county of ............................., the ...........
day of ......................., A. D. nineteen ..................... A B is.
accused by the grand jury of the county of .........................,
by this indictment (or by the county attorney by this informa-
tion), of the crime of (giving its legal appellation, such as.
murder, arson, or the like, or designating it as felony or mis-
demeanor), committed as follows: The said A B on the ...............
day of ......................., A. D. nineteen ......................., at the county
of ........................... (here set forth the act or omission charged
as an offense), contrary to the form, force and effect of the
statute in such case made and provided, and against the peace
and dignity of the State of Montana.''

While this form is provided by the statute, substantial, but
not literal, adoption thereof is all that is required. It need not.
be literally, but must be substantially, in accord with this section..

Section 11845, Revised Codes, provides;

''The indictment or information must be direct and certain,
as it regards—

''1. The party charged;

''2. The offense charged;

''3. The particular circumstances of the offense charged,.
when they are necessary to constitute a complete offense.''

Section 11853, Revised Codes, provides: ''No indictment or
information is insufficient, nor can the trial, judgment, or other
proceedings thereon be affected by reason of any defect or
imperfection in matter of form which does not tend to the
prejudice of a substantial right of the defendant upon its.
merits.''

The sufficiency of an information has heretofore been con-
sidered by this court in the following and other cases: *State* v.
*Tudor,* 47 Mont. 185, 131 Pac. 632; *State* v. *Paine,* 61 Mont.
270, 202 Pac. 205; *State* v. *Lake,* 99 Mont. 128, 43 Pac. (2d)
627; *State* v. *Stevens,* 104 Mont. 189, 65 Pac. (2d) 612; *State*
v. *Hahn,* 105 Mont. 270, 72 Pac. (2d) 459; *State* v. *Thierfelder,*
ante p. 104, 132 Pac. (2d) 1035.) Measured by the foregoing.

192

statutes as they are interpreted by the decisions just cited, the information is sufficient.

It is contended that a bill of particulars may not be resorted ▮ to for the purpose of perfecting a defective information. Such is the rule, but the bill may be resorted to for the purpose of clarifying the general terms of the information. A bill of particulars performs a function for the information similar to that of a definition for a word.

In 5 Words and Phrases, Perm. Ed., page 497, citing *Clary* v. *Commonwealth*, 163 Ky. 48, 173 S. W. 171, it is said: "A bill of particulars is not designed to uphold an insufficient indictment, but is designed for use where the indictment is sufficient, on demurrer, and, in the sound discretion of the trial court, and in furtherance of justice, to give accused fair notice of what he is called on to defend, a bill of particulars may, on motion of accused, be required." (See, also, *State* v. *Koski*, 101 W. Va. 477, 133 S. E. 79; *People* v. *Whitmer*, 369 Ill. 317, 16 N. E. 2d 757.) We think this rule would apply equally to an information as well as to an indictment.

It was said in *State* v. *Dix*, 33 Wash. 405, 74 Pac. 570, 572: "'It is quite generally, if not universally, held by the courts that the effect of a bill of particulars is to limit the claim and restrict the proof to the very matters therein specified.' (*Spokane & I. Lumber Co.* v. *Loy*, 21 Wash. 501, 509, 58 Pac. 872, 60 Pac. 1119.) 'The sole office of the bill of particulars is to give the adverse party information which the pleadings, by reason of their generality, do not give.'" This assignment of error is without merit.

The second assignment is on the trial court's denial of ▮ defendant's motion for a directed verdict of not guilty made at the close of the state's case. The court in this jurisdiction may not *direct* but can only *advise* the jury to return a verdict in favor of the defendant in a criminal action. (Sec. 11995, Rev. Codes.) This question is dealt with at length in *State* v. *Thierfelder*, supra. The defendant in the case at bar moved for a directed verdict on the ground that the information

failed to state facts sufficient to constitute a public offense. The defendant was charged with practicing medicine without a license, and practicing medicine without a license is a public offense under section 3122, Revised Codes. It is true that he pleaded not guilty to the charge, and there is no evidence in the record to show that he treated the complaining witness O'Malley, but it is clear from the assignments of error and arguments of counsel that evidence was received, and the evidence not being before us is the fault of the defendant. (Sec. 1, Rule VI of this court.) (*State* v. *Hopkins,* 54 Mont. 52, 166 Pac. 304, Ann. Cas. 1918D, 956; *People* v. *T. Wah Hing,* 47 Cal. App. 327, 190 Pac. 662; *People* v. *Cochran,* 56 Cal. App. 394, 205 Pac. 473.)

In the absence of a bill of exceptions in which the evidence ▆ or such part of it as is made the foundation of a specification of error might otherwise be found, it will be presumed on appeal that the evidence adduced at the trial of the action was sufficient to sustain the verdict of the jury or decision of the court.

In the case of *State* v. *Gill,* 21 Mont. 151, 53 Pac. 184, 185, ▆ the defendant was convicted of the crime of robbery and appealed, alleging among other things error of the trial court in the giving of certain instructions. None of the evidence was incorporated in the record. This court said: ''Whether such action of the court was erroneous or not depends necessarily upon what the evidence was. It is impossible for us to determine whether or not the court erred in this particular without an examination of the evidence, and there is not a syllable of evidence in the record.'' The assignments of error that were predicated on instructions were disregarded in that case. The rule was followed in *State* v. *Phillips,* 36 Mont. 112, 92 Pac. 299, 301, with a slight reservation to the effect that instructions in the absence of the evidence from the record ''may not be held erroneous unless they appear to be so upon any supposable state of facts which might have been presented by the evidence.'' (See, also, *Roberts* v. *Sinnott,* 54 Mont. 114,

169 Pac. 49; *Sprinkle* v. *Anderson*, 57 Mont. 219, 187 Pac. 909; *Osmundson* v. *Moore Merc. Co.*, 70 Mont. 458, 226 Pac. 215; *Aquettaz* v. *Chicago, Mil., etc., R. Co.*, 104 Mont. 181, 65 Pac. (2d) 1185, 1186.) In the last mentioned case we said that there was no exception to the rule "unless the instructions assigned as erroneous appear from their face to be inherently so." Such being the established rule it becomes unnecessary for us to consider any of the alleged erroneous instructions except such as appear to be so upon their face irrespective of the evidence.

Defendant's specification of error No. 9 is predicated upon ▉ the court's instruction No. 18, relating to reasonable doubt. The instruction is in four paragraphs and the last paragraph only is alleged to be erroneous. As we shall later refer to the other paragraphs of this instruction, the whole is hereby recited:

"A reasonable doubt is not such a doubt as a man may start by questioning for the sake of a doubt, nor a doubt suggested or surmised without foundation in the facts or testimony. It is such a doubt only as in a fair, reasonable effort to reach a conclusion upon the evidence, using the mind in the same manner as in other matters of the highest and gravest importance, prevents the jury from coming to a conclusion in which their minds rest satisfied.

"If so using the mind and considering all of the evidence produced, it leads to a conclusion which satisfies the judgment and leaves upon the mind a settled conviction of the truth of the fact it is the duty of the jury to declare the fact by their verdict.

"It is possible always to question any conclusion derived from the testimony, but such questioning is not what is termed a reasonable doubt. A reasonable doubt exists only in that state of the case which after the entire comparison and consideration of all the evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.

"A doubt produced by undue sensibility in the mind of any

juror in view of the consequences of his verdict, is not a reasonable doubt, and a juror is not allowed to create sources or materials of doubt by resorting to trivial and fanciful suppositions and remote conjectures as to a possible state of facts differing from that established by the evidence; you are not at liberty to disbelieve as jurors if you believe as men; your oath imposes upon you no obligation to doubt where no doubt would exist if no oath had been administered.''

Defendant cites *People* v. *Paulsell,* 115 Cal. 6, 46 Pac. 734, wherein a judgment of conviction was reversed because the trial court had not strictly adhered to the old definition of reasonable doubt as given by Chief Justice Shaw in the famous case of *Commonwealth* v. *Webster,* 5 Cush., Mass., 293, 320, 52 Am. Dec. 711, which had been adopted and generally followed by California courts, and cited by this court with approval, as will later appear. The first three paragraphs of the court's instruction No. 18 is substantially in the words of the Shaw instruction. Obviously the California court in reversing the trial court in the action mentioned was of the opinion that no other definition of ''reasonable doubt'' than that given by the distinguished jurist in the *Webster Case* has any merit. The opinion clearly so indicates, while the fact is that the courts of practically every state in the Union and the federal courts have from time to time formulated definitions of their own. In fact many courts have expressed the opinion that no definition adds anything to the phrase ''reasonable doubt''; that it in itself fully conveys its own meaning, and that attempts to define it merely result in confusion. The rule laid down in the *Webster Case,* followed by the California courts, has been generally approved by this court (*State* v. *Zorn,* 99 Mont. 63, 41 Pac. (2d) 513), but not to the exclusion of all others. The recent permanent edition of Volume 36, Words and Phrases, pages 297-348, devotes 52 double column pages to selected definitions taken from some 700 or more state and federal court decisions, wherein definitions of the term are given, among which are the following:

"To give rise to a 'reasonable doubt' the evidence need not amount to an absolute certainty. *United States* v. *Guthrie* [D. C.], 171 Fed. 528, 532."

"A reasonable doubt must be a doubt arising out of the evidence, and not a fanciful conjecture or a strained inference. *United States* v. *Politzer* [D. C.], 59 Fed. 273, 279."

"A 'reasonable doubt' is a doubt derived from the evidence or lack of evidence in the case. *United States* v. *Post* [D. C.], 128 Fed. 950, 957."

"The 'reasonable doubt' which the law provides shall acquit a defendant is one that arises in the minds of the jury after considering, comparing, and weighing all the evidence in the case. *Hall* v. *State*, 83 So. 513, 518, 78 Fla. 420, 8 A. L. R. 1234."

"A 'reasonable doubt' is a fair doubt based on reason and common sense. *People* v. *Burke*, 121 N. W. 282, 284, 157 Mich. 108."

" 'Reasonable doubt' is a doubt based upon some reason not purely imaginary, fantastic, or chimerical doubt, but doubt based on reason. *State* v. *Keehn*, 160 N. W. 666, 667, 135 Minn. 211."

The following are taken from decisions where it is held that the term "reasonable doubt" is incapable of explanation:

"It is impossible to frame a satisfactory definition of the expression 'reasonable doubt.' *Kane* v. *Hibernia Ins. Co.*, 39 N. J. L. [697], 10 Vroom 697, 706, 23 Am. Rep. 239."

"Instruction resulting in elaboration of 'reasonable doubt' is erroneous, since such term needs no definition. *People* v. *Rogers*, 154 N. E. 909, 913, 324 Ill. 224."

"The term 'reasonable doubt' is so plain that an attempt to explain it would lead to confusion. *Endowment Rank K. P.* v. *Steele*, 69 S. W. 336, 337, 108 Tenn. 624, *State* v. *Wilcox*, 44 S. E. 625, 631, 132 N. C. 1120."

"The terms of the expression 'reasonable doubt' import the most exact idea of its meaning, and are incapable of simplification, and there is no equivalent phrase more easily understood. *Lipscomb* v. *State*, 23 So. 210, 212 [230], 75 Miss. 559."

"It is difficult, if not impossible, to so define the term 'reason-

able doubt' as to satisfy a subtle ad metaphysical mind, bent on the detection of some point, however attenuated, upon which to hang a criticism. *McCue* v. *Commonwealth*, 49 S. E. 623, 629, 103 Va. 870.''

''Bishop says that there are no words plainer than 'reasonable doubt' and none so exact to the idea meant, but, in respect to definitions, says, 'we have not seen one which can safely be pronounced both helpful and accurate.' Another authority says 'that the words are of plain and unmistakable meaning and any definition on the part of the court tends only to confuse the jury and to render uncertain an expression, which, standing alone, is certain and intelligible.' *State* v. *Blay*, 58 Atl. 794, 795, 77 Vt. 56, citing Bish. Cr. Proc. sec. 1199.''

We are inclined to the view that decisions holding that the term defines itself is the most logical of all.

In the case of *State* v. *Harrison*, 23 Mont. 79, 57 Pac. 647, this court reversed the trial court for refusing to give this instruction: ''You are instructed that the law presumes a person innocent until he is proved guilty, and this proof must be of a nature to satisfy your minds beyond a reasonable doubt of the guilt of the accused. The mere fact that an information has been filed, charging a person with a crime, does not in itself raise a presumption of guilt. A reasonable doubt, within the meaning of the law, is not a mere imaginary or possible doubt, but a substantial doubt, based upon reason and common sense, and induced by the facts and circumstances attending the particular case, and growing out of the testimony. It is such a doubt as will leave one's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral certainty, of the defendant's guilt as charged. The presumption of innocence has the weight and effect of evidence in the defendant's behalf, and this should continue until it is rebutted by competent evidence which displaces any reasonable doubt you might otherwise have of the defendant's guilt.'' It was said in that case: ''The court ought not to have refused the instruction requested,

198

which was correct, although it was not obliged to accept the precise definition of a reasonable doubt contained in it.''

In considering alleged erroneous instructions it must be remembered that instructions shall be taken as a whole. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Michalsky* v. *Centinnial Brewing Co.,* 48 Mont. 1, 134 Pac. 307; *Brockway* v. *Blair,* 53 Mont. 531, 165 Pac. 455; *Pure Oil Co.* v. *Chicago, M. & St. Paul R. Co.,* 56 Mont. 266, 185 Pac. 150; *Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890; *Norton* v. *Great Northern R. Co.,* 85 Mont. 270, 278 Pac. 521; *Adams* v. *Durfee,* 67 Mont. 315, 215 Pac. 664; *Tanner* v. *Smith,* 97 Mont. 229, 33 Pac. (2d) 547; *Pollard* v. *Oregon Short Line R. Co.,* 92 Mont. 119, 11 Pac. (2d) 271.)

Defendant cites the case of *Robinson* v. *State,* 18 Wyo. 216, 106 Pac. 24, which, it is contended, reversed the lower court for giving an instruction in which the ''identical language'' was used that is found in paragraph 4 of instruction No. 18 in the case at bar. The citation is correctly given but the conclusion drawn therefrom is not pertinent here for this reason: The lower court was held in error in that case for omitting from an instruction formerly approved the phrase here set out in italics when containing these two sentences: ''You are not at liberty to disbelieve as jurors if *from the evidence* you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered.'' The phrase which appears to have led to the reversal of the lower court because of its omission in that case was likewise omitted from the instruction under consideration. It is contended by the defendant, in accord with the Wyoming case, that the judgment in the case at bar must be reversed because of such omission.

Instructions 14, 17 and 18, by confining the jury clearly to the evidence in their consideration of the guilt or innocence of the defendant, contain nothing that is prejudicial to the substantial rights of the defendant, and the assignment cannot be upheld.

The next assignment is on the alleged error of the trial court

in denying defendant's motion in arrest of judgment. The motion "lies only for certain defects appearing on the face of * * * the information, not waived by failure to demur." (*State* v. *Caterni*, 54 Mont. 456, 171 Pac. 284.) No demurrer appears in the record. (Sec. 12051, Rev. Codes.) This motion is grounded solely upon alleged defects in the information, and as we have already held that instrument to be sufficient, we deem further consideration of this assignment unnecessary.

Assignment 10 is on the court's denying a motion for a new trial. This assignment was not argued and, nothing appearing in the record to sustain it, the trial court will not be charged with error in denying the motion.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and ADAIR concur.